Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Ra O. Amen (Admitted *Pro Hac Vice*)
Ramen@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505

[Additional counsel listed on signature page]

*Attorneys for Plaintiffs
and the Proposed Class*

Culver V. Halliday, (Admitted Pro Hac Vice)
culver.halliday@skofirm.com
Spencer K. Gray, (Admitted Pro Hac Vice)
spencer.gray@skofirm.com
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Ian R. Feldman (State Bar No. 200308)
ifeldman@clausen.com
CLAUSEN MILLER P.C.
17901 Von Karman, Suite 650
Irvine, CA 92614
Telephone (949) 260-3100
Facsimile (949) 260-3190

*Attorneys for The Ambassador Group, LLC
and Brandon M. White*

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DEL OBISPO YOUTH BASEBALL, INC. d/b/a DANA POINT YOUTH BASEBALL, individually and on behalf of all other similarly situated individuals and entities, <br><br>　　　Plaintiffs, <br><br> v. <br><br> THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS; PERFORMANCE INSURANCE COMPANY SPC; BRANDON WHITE; GOLDENSTAR SPECIALTY INSURANCE, LLC; DOMINIC CYRIL GAGLIARDI and DOES 1 through 50, <br><br>　　　Defendants. | Case No.: 8:21-cv-00199-JVS-DFM <br><br> **JOINT RULE 26(f) REPORT** <br><br> Complaint Filed: January 28, 2021 |

Plaintiff Del Obispo Youth Baseball, Inc. D/B/A Dana Point Youth Baseball ("Plaintiff") and Defendants The Ambassador Group LLC and Brandon M. White (together, "Ambassador," and Ambassador together with Plaintiff, the "Parties") jointly submit this Case Management Statement pursuant to the Court's Order of February 11, 2021 (ECF No. 18).  The Parties conducted their rule 26(f) meet and confer on March 30, 2021.

**A.    SYNOPSIS**

Plaintiff alleges the following in the First Amended Complaint ("FAC"):

    i.    Defendants Ambassador, Performance Insurance Company SPC, Goldenstar Specialty Insurance, LLC (formerly known as Goldenstar Underwriting Company, LLC), and Dominic Cyril Gagliardi (together, "Defendants") are part of a nationwide, association-in-fact enterprise that has existed and operated for at least the last ten years. The purpose and actions of the enterprise was the misappropriation and/or theft of premium dollars from youth sports teams, leagues, and athletes throughout the United States by selling counterfeited and nonexistent "insurance policies" (the "Counterfeited Policies"), which purport to provide accident, health, and other insurance primarily to these youth sports teams, leagues, and athletes (the "Scheme").  The "Counterfeited Policies" include all counterfeited and nonexistent "insurance policies" sold to Plaintiff and class members.

    ii.    The fraud alleged in the FAC relates to an area of insurance known as "captive reinsurance."  Captive reinsurance programs are complex multi-party arrangements that require specialized expertise and significant underwriting capacity.  In short, in a captive reinsurance relationship, a broker (who is not licensed to issue insurance policies) uses several intermediaries to form an indirect relationship with an insurance company (an "Issuing Carrier").  This relationship allows the broker to indirectly issue policies to its customers, act as its own "insurance company," assume part of

1      the risks, and retain additional profits.

2   iii.   In the captive reinsurance program at issue here, the insurance broker
3          (Gagliardi Insurance Services, Inc. (not a named defendant and currently in
4          bankruptcy proceedings) by and through its President, Defendant Dominic
5          Gagliardi) formed a Captive reinsurance company (Defendant Performance)
6          through a "captive intermediary," an entity that assisted the broker
7          (Gagliardi Insurance) in (1) developing an actuarial model and business
8          plan, (2) forming the Captive, and—most importantly—(3) identifying an
9          Issuing Carrier to issue the policies to be sold by the Broker/Owner and
10         reinsured to the Captive.  Defendant Ambassador is the captive intermediary
11         in this case, founded by Defendant White in 2011 in Louisville, Kentucky.

12  iv.    The FAC further alleges that Defendants sold insurance policies under
13         supposed captive reinsurance programs to Plaintiff and class members.
14         However, no Issuing Carrier was engaged by Defendants with respect to the
15         Counterfeited Policies sold to Plaintiff and class members and no actual
16         insurance policies were issued by any Issuing Carrier for the Counterfeited
17         Policies sold to Plaintiff and class members.  Instead, Defendants forged
18         documents that misled Plaintiff and class members into believing that
19         Issuing Carriers had issued actual policies in connection with the
20         Counterfeited Policies sold to Plaintiff and class members.  Upon
21         information and belief, Performance, Ambassador, and White forged or
22         caused the forgery of the Counterfeited Policies, which led Plaintiff and
23         class members into believing that Issuing Carriers had issued policies in
24         connection with the Counterfeited Policies sold to Plaintiff and class
25         members.

26  v.     Lastly, Defendant Goldenstar Specialty provided administrative services to
27         Gagliardi Insurance and Defendant Performance in connection with issuing,
28         distributing, administering, or procuring payment for the Counterfeited

1  Policies that Gagliardi Insurance and/or Performance sold.  The FAC also

2  alleges that Defendant Goldenstar Specialty was aware that the

3  Counterfeited Policies were, in fact, forged.

4  vi.  Thus, this class action seeks damages and equitable relief under the

5  Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §

6  1961 *et seq*.; California's Unfair Competition Law, Cal. Bus. & Prof. Code §

7  17200 *et seq*.; and various common law claims.

8  Ambassador generally denies the claims and allegations asserted by the Plaintiff,

9  including, but not limited to, those allegations stated herein. Ambassador has not yet

10  asserted any counterclaims or affirmative defenses against Plaintiff. Ambassador reserves

11  all its rights to assert any and all claims and defenses in this action at a later date in

12  accordance with the Federal Rules of Civil Procedure, Local Rules, and this Courts

13  orders.

14  **B.    LEGAL ISSUES**

15  The Parties believe this case involves resolution of the following legal issues:

16  i.  Whether Defendants violated the federal RICO statute, by engaging in a pattern

17  of fraud in connection with the sale of the Counterfeited Policies, including:

18  a.  Whether Defendants committed one or more instances of mail fraud

19  within the meaning of 18 U.S.C. §1961(1)(B) and 18 U.S.C. §1341; and

20  b.  Whether Defendants committed one or more instances of wire fraud

21  within the meaning of 18 U.S.C. §1961(1)(B) and 18 U.S.C. §1343;

22  ii.  Whether Defendants had a legal duty to ensure that the information that

23  Defendants disseminated to Plaintiff and the members of the Classes was not

24  materially inaccurate or misleading;

25  iii.  Whether documents and statements publicly disseminated by Defendants

26  relating to their fraudulent "insurance" policies contained materially false and

27  misleading statements and representations, and/or omitted to state material facts

28  necessary to make the statements made not false and misleading;

iv.   Whether Defendants acted willfully, recklessly, or negligently in disseminating materially false or misleading information, or omitting to state and/or in misrepresenting material facts, in connection with the sale of their fraudulent "insurance policies";

v.   Whether Defendants' conduct, including its failure to act, resulted in or was the cause-in-fact or proximate cause of Plaintiff's and members of the Classes' damages;

vi.   Whether Plaintiff and members of the Classes have sustained damages by reason of Defendants' misrepresentations and omissions, and the pattern of fraudulent behavior complained of herein and, if so, the proper measure of such damages;

vii.   Whether Plaintiff and members of the Classes are entitled to relief, including equitable relief;

viii.   Whether this case can be certified as a class action;

ix.   Whether the FAC states a claim upon which relief can be granted;

x.   Whether this Court can properly exercise personal jurisdiction over Ambassador; and

xi.   Whether this Court should transfer venue to the United States District Court for the Western District of Kentucky ("Western District Of Kentucky") in the interest of justice and for the convenience of the parties.

## C.   DAMAGES

Based upon Plaintiff's approximation that it paid more than $64,000 to Gagliardi Insurance over the course of ten years for non-existent and forged "insurance coverage" and the fact that the Class consists of hundreds to thousands of putative members, Plaintiff estimates the value of actual damages and restitution to be between $6,400,000-$80,000,000, exclusive of prejudgment interest.  *See* Cal. Civ. Code, § 3288 (allowing prejudgment interests in cases of "fraud or malice").

If RICO claims are successful, actual damages will be trebled to between

1  $19,200,000-$240,000,000, exclusive of prejudgment interest and attorney's fees.  *See* 18

2  U.S. Code § 1964(c) (allowing treble damages and attorneys' fees).

3       Ambassador denies that Plaintiff is entitled to any damages in this action.

4  Ambassador also denies that Plaintiff's damages calculations, and methods for computing

5  those calculations, are proper. Ambassador is not claiming any category of damages at

6  this time. Ambassador reserves all its rights to assert damages at a later date by

7  counterclaims alleged, or otherwise, in accordance with the Federal Rules of Civil

8  Procedure and this Court's orders.

9  **D.  INSURANCE**

10       Ambassador holds an insurance agreement under which an insurance business may

11  be liable to satisfy all or part of a possible judgment in the action or to indemnify or

12  reimburse for payments made to satisfy a judgment. A copy of the agreement will be

13  provided to the Plaintiff.

14       Plaintiff states that the issue of whether it holds an insurance agreement under

15  which an insurance business may be liable to satisfy all or part of a possible judgment in

16  the action or to indemnify or reimburse for payments made to satisfy a judgment is not

17  applicable.

18  **E.  MOTIONS**

19       Plaintiffs will file a motion for class certification. Ambassador filed a motion to

20  dismiss for lack of personal jurisdiction or, in the alternative, to transfer ("First Motion

21  To Dismiss"). The First Motion To Dismiss was mooted by the Plaintiff's filing of the

22  FAC. Ambassador will file a second motion to dismiss for lack of personal jurisdiction

23  or, in the alternative, to transfer ("Second Motion To Dismiss").

24  **F.  DISCOVERY AND EXPERTS**

25       The Parties have not yet engaged in discovery. The Parties anticipate significant

26  discovery in this action regarding representations made about the alleged counterfeited

27  policies, the extent of each Defendant's involvement in the scheme, and damages.  The

28  Parties believe that document requests should be unlimited pursuant to the Federal Rules

JOINT RULE 26(f) REPORT               No. 8:21-cv-00199-JVS-DFM

of Civil Procedure. Plaintiffs believe they will need 45 interrogatories to each Defendant. Ambassador believes it will need 45 interrogatories to the Plaintiff. Plaintiffs believe they will need to take 15 depositions to properly prosecute this action. Ambassador believes it will need to take 15 depositions to properly defend this action. Plaintiffs may enlist experts for damages.  Ambassador may enlist experts in support of its defense. Experts will be disclosed 90 days prior to trial.  Ambassador served initial disclosures upon Plaintiff on April 13, 2021.  Plaintiff served initial disclosures upon Ambassador on April 16, 2021, in accordance with the Parties' agreement.

**G.     DISPOSITIVE MOTIONS**

Ambassador anticipates filing its Second Motion To Dismiss. Ambassador also anticipates filing a motion to dismiss all claims against it for failure to state a claim upon which relief can be granted and a motion for summary judgment on all claims against it. Plaintiff does not presently anticipate filing any dispositive motions.

**H.     SETTLEMENT AND SETTLEMENT MECHANISM**

The Parties have engaged in preliminary settlement discussions.  The Parties have chosen ADR Procedure No. 3 (private dispute resolution proceeding).

**I.     TRIAL ESTIMATE**

The Parties anticipate that trial will require five days.  Plaintiffs anticipate that it will call eight witnesses. Ambassador also anticipates that it will call eight witnesses.

**J.     TIMETABLE**

*See* Presumptive Schedule of Pretrial Dates form attached as Exhibit A.

**K.     OTHER ISSUES**

Service has been executed on Ambassador. Plaintiff has not yet executed service on any other Defendant. Defendant Performance is currently undergoing liquidation proceedings in the Cayman Islands and has filed in the Southern District of Florida a Chapter 15 Petition for Recognition of a Foreign Proceeding (Case No.: 21-12609-AJC). Defendant Goldenstar filed for bankruptcy in the Northern District of California (Case No.: 5:20-bk-51629) on November 19, 2020.  Gagliardi Insurance Services, Inc., which

JOINT RULE 26(f) REPORT                          No. 8:21-cv-00199-JVS-DFM

1   the FAC alleges was a perpetrator of the Scheme though not a named defendant, is also

2   within voluntary Chapter 7 bankruptcy proceedings in the Northern District of California

3   (Case No.: 5:20-bk-51629).

4        Ambassador asserts that this Court lacks personal jurisdiction over it. Ambassador

5   also asserts that, even if the Court finds it can properly exercise jurisdiction over

6   Ambassador, the Court should transfer venue to the United States District Court for the

7   Western District of Kentucky ("Western District Of Kentucky") in the interest of justice

8   and for the convenience and fairness of the parties. Ambassador is currently defending a

9   related case, *Lexington Ins. Co. v. The Ambassador Grp. LLC*, No. 3:20-CV-00330-BJB-

10  LLK, in the Western District Of Kentucky.

11  **L.    CONFLICTS**

12       Plaintiff has no subsidiaries, parents, or affiliates. Ambassador also has no

13  subsidiaries, parents, or affiliates.

14  **M.    MAGISTRATES**

15       The Parties do not choose to have a Magistrate Judge preside.

16

17  Dated: April 19, 2021                    MORGAN & MORGAN
                                             COMPLEX LITIGATION GROUP
18

19                                  By:        /s/ Michael F. Ram
                                               Michael F. Ram
20

21                                          Michael F. Ram (SBN 104805)
                                            mram@forthepeople.com
22                                          Marie N. Appel (SBN 187483)
                                            mappel@forthepeople.com
23                                          MORGAN AND MORGAN
                                            711 Van Ness Ave, Suite 500
24                                          San Francisco, CA 94102
                                            Telephone: 415-358-6913
25

26

27                                          Ra O. Amen (Admitted *Pro Hac Vice*)
                                            Ramen@forthepeople.com
28

JOINT RULE 26(f) REPORT                              No. 8:21-cv-00199-JVS-DFM

201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

Gretchen M. Nelson (SBN 112566)
gnelson@nflawfirm.com
Gabriel S. Barenfeld (SBN 224146)
gbarenfeld@nflawfirm.com
NELSON & FRAENKEL LLP
601 S. Figueroa Street., Suite 2050
Los Angeles, California, 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

Attorneys for Plaintiffs and the Proposed Class

Dated: April 19, 2021                    STOLL KEENON OGDEN PLLC

                             By:        /s/ Culver V. Halliday
                                         Culver V. Halliday

Culver V. Halliday, (Admitted *Pro Hac Vice*)
culver.halliday@skofirm.com
Spencer K. Gray, (Admitted *Pro Hac Vice*)
spencer.gray@skofirm.com
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky 40202
Tel.: (502) 333-6000
Fax: (502) 333-6099

Ian R. Feldman (State Bar No. 200308)
ifeldman@clausen.com
CLAUSEN MILLER P.C.
17901 Von Karman, Suite 650
Irvine, CA 92614
Telephone (949) 260-3100
Facsimile (949) 260-3190

JOINT RULE 26(f) REPORT                         No. 8:21-cv-00199-JVS-DFM

1

2   Attorneys for The Ambassador Group, LLC
    and Brandon M. White

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of the document attests that concurrence in the filing of the document has been obtained from each of the other Signatories.

/s/ Michael F. Ram
Michael F. Ram