Ian R. Feldman (State Bar No. 200308)
ifeldman@clausen.com
CLAUSEN MILLER P.C.
17901 Von Karman, Suite 650
Irvine, CA 92614
Telephone (949) 260-3100 | Facsimile (949) 260-3190

Culver V. Halliday (Admitted *Pro Hac Vice*)
culver.halliday@skofirm.com
Spencer K. Gray (Admitted *Pro Hac Vice*)
spencer.gray@skofirm.com
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky 40202
Telephone:(502) 333-6000 | Facsimile: (502) 333-6099

Attorneys for Defendants THE AMBASSADOR
GROUP, LLC and BRANDON M. WHITE

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DEL OBISPO YOUTH BASEBALL, INC. d/b/a DANA POINT YOUTH BASEBALL,<br><br>Plaintiffs,<br><br>vs.<br><br>THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS, et al.<br><br>Defendants. | Case No. 8:21-cv-00199<br><br>**DEFENDANTS THE AMBASSADOR GROUP, LLC AND BRANDON M. WHITE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR SECOND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER**<br><br>Date:          June 7, 2021<br>Time:          1:30 p.m.<br>Courtroom:     10C<br><br>Amended Complaint Filed: April 9, 2021<br>Trial:  December 6, 2022 |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ....................................................................................1

II.     BACKGROUND ....................................................................................2

III.    ARGUMENT..........................................................................................3

        A.      The Court Must Dismiss Defendants From This Action Or Transfer
                The Case For Lack Of Personal Jurisdiction...........................................3

                1.      The Court lacks general personal jurisdiction over
                        Defendants......................................................................................5

                2.      The Court lacks specific personal jurisdiction over
                        Defendants......................................................................................7

                3.      The Court must either dismiss Defendants from this action
                        or transfer the case to the Western District of Kentucky. ..........13

        B.      Alternatively, The Court Should Transfer Venue To The United
                States District Court For The Western District Of Kentucky .............14

                1.      The location where the relevant agreements were
                        negotiated and executed. ...............................................................16

                2.      The state that is most familiar with the governing law..............16

                3.      The plaintiff's choice of forum. ...................................................16

                4.      The respective parties' contacts with the forum .......................16

                5.      Contacts relating to the plaintiff's cause of action in the
                        chosen forum...............................................................................17

                6.      The difference in the costs of litigation in the two forums........17

                7.      The availability of compulsory process to compel
                        attendance of unwilling non-party witnesses.............................17

                8.      The ease of access to sources of proof.....................................18

IV.     CONCLUSION.....................................................................................18

-1-

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' SECOND MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER
8:21-CV-00199

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,
    223 F.3d 1082 (9th Cir. 2000) ................................................................5

Boultinghouse v. Lapin,
    816 F. Supp. 2d 107 (D.D.C. 2011)........................................................14

Bristol-Myers Squibb Co. v. Superior Court,
    137 S. Ct. 1773 (2017)............................................................................6

Burger King v. Rudzewicz,
    471 U.S. 462 (1985)................................................................................8

Cruz-Aguilera v. INS,
    245 F.3d 1070 (9th Cir. 2001) ..............................................................13

Daimler AG v. Bauman,
    571 U.S. 117 (2014)................................................................................5

Doe v. Unocal Corp.,
    248 F.3d 915 (9th Cir. 2001) ..................................................................4

Gray & Co. v. Firestenberg Mach. Co.,
    913 F.2d 758 (9th Cir. 1990) ..................................................................8

Hertz Corp. v. Friend,
    559 U.S. 77 (2010)..................................................................................4

Int'l Shoe Co. v. Washington,
    326 U.S. 310 (1945)................................................................................4

Menken v. Emm,
    503 F.3d 1050 (9th Cir. 2007) ..........................................................9, 11

Meza v. Martinez,
    No. CV 20-2343-MCS (SP), 2021 U.S. Dist. LEXIS 28619 (C.D. Cal.
    Feb. 16, 2021) ......................................................................................13

Miller v. Hambrick,
    905 F.2d 259 (9th Cir. 1990) ......................................................................14

Morris & Co. v. Ins. Co.,
    279 U.S. 405 (1929).....................................................................................6

Myers v. Bennett Law Offices,
    238 F.3d 1068 (9th Cir. 2001) .....................................................................9

Omeluk v. Langsten Slip & Batbyggeri A/S,
    52 F.3d 267 (9th Cir. 1995) .........................................................................7

Pebble Beach Co. v. Caddy,
    453 F.3d 1151 (9th Cir. 2006) .....................................................................4

Roling v. E*Trade Sec.,
    LLC, 756 F. Supp. 2d 1179 (N.D. Cal. 2011) ...........................................12

S.A. v. Brown,
    564 U.S. 915 (2011).....................................................................................5

S.A. v. Hall,
    466 U.S. 408 (1984).....................................................................................5

Schwarzenegger v. Fred Martin Motor Co.,
    374 F.3d 797 (9th Cir. 2004) .............................................................4, 5, 7, 8

Silva v. Aviva PLC,
    No. 15-CV-02665-PSG, 2016 U.S. Dist. LEXIS 40617 (N.D. Cal. Mar.
    25, 2016) ...................................................................................12, 15, 16

Stewart Org. v. Ricoh Corp.,
    487 U.S. 22 (1988).....................................................................................15

World-Wide Volkswagen v. Woodson,
    444 U.S. at 291-92 ......................................................................................4

Yahoo!,
    433 F. 3d at 1206 ........................................................................................8

**California Cases**

Bristol-Myers Squibb Co. v. Superior Court,
    377 P.3d 874 (Cal. 2016)............................................................................6

Thomas v. Anderson,
   113 Cal.App.4th 258 ......................................................................................6

**Other State Cases**

Blizzard Entm't, Inc. v. Joyfun Inc. Co.,
   No. SACV 19-1582 .......................................................................................8

Jine v. OTA Franchise Corp.,
   Nos. SACV 20-00769JVS(KESx) ...........................................................4, 7, 8

Lexington Ins. Co. v. Ambassador Grp. LLC,
   No. 3:20-CV-00330-BJB-LLK .............................................................13, 17

**Federal Statutes**

28 U.S.C.
   § 1391(b)(2) ................................................................................................14
   § 1631 ............................................................................................4, 12, 13

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.
   § 1961 et seq. ..............................................................................................16

Fed. R. Civ. P. 45(c)(1)(A) ............................................................................17

Fed. R. Civ. P. 12(b)(2) ...................................................................................3

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' SECOND MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER
8:21-CV-00199

## I.  __INTRODUCTION__

In the First Amended Class Action Complaint[1] (the "Amended Complaint"), Plaintiff, Del Obispo Youth Baseball, Inc. d/b/a Dana Point Youth Baseball ("Plaintiff"), individually and on behalf of all the members of its proposed class, weaves a complex web of allegations involving fraudulent schemes, conspiracies, and misconduct against the defendants named therein, including Defendants Ambassador Group LLC ("Ambassador") and Brandon M. White ("White," together with Ambassador, "Defendants").  Absent from Plaintiff's narrative, however, are any facts supporting Plaintiff's contention that the Court can properly exercise personal jurisdiction over Defendants.

In reality, Defendants have minimal, if any, contacts with California and none of Defendants' contacts are related to Plaintiff's claims. Plaintiff bears the burden of making a prima facie showing of the facts supporting the Court's exercise of personal jurisdiction over each defendant. Plaintiff fails to meet this burden. Therefore, the Court cannot exercise jurisdiction over Defendants. Furthermore, it is in the interest of justice to transfer venue to the Western District of Kentucky for the convenience of the parties. Accordingly, for the reasons stated in this memorandum, the Court must dismiss or transfer the case for lack of personal jurisdiction or, in the alternative, transfer the case to the proper venue, the United States District Court for the Western District of Kentucky.

/ / /

/ / /

---

[1] On January 28, 2021, Plaintiff filed its original complaint. On March 8, 2021, Defendants filed *Defendants The Ambassador Group LLC And Brandon M. White's Notice Of Motion And Motion To Dismiss For Lack Of Personal Jurisdiction Or, In The Alternative, To Transfer* ("First Motion To Dismiss"). On April 5, 221, Plaintiff and Defendants tendered a stipulation granting Plaintiff leave to file the Amended Complaint. Defendants now timely move the Court to dismiss the Amended Complaint or transfer the action to the United States District Court for the Western District of Kentucky.

## II.   BACKGROUND

Captive insurance programs are complex multi-party insurance arrangements, typically involving the following players:

1.      Broker/Owner (the "Broker/Owner") – is the entity that sells the actual insurance policies to individuals or entities.

2.      Captive Insurance Company (the "Captive") – is the entity that is set up and owned by the Broker/Owner and is the entity ultimately responsible for paying on claims for losses made under the policies sold by the Broker/Owner.

3.      Issuing or Fronting Carrier (the "Issuing Carrier") – is a licensed commercial insurer who issues policies but reinsures the policies back to the Captive, which ultimately eliminates the Issuing Carrier's potential risk for claims submitted under the issued policy. An Issuing Carrier collects a "fronting premium" in exchange for the policy to be written on the Issuing Carrier's "paper."

4.      Captive Intermediary (the "Captive Intermediary") – is the entity that provides professional consulting services to and assists the Broker/Owner in setting up a Captive and identifying an Issuing Carrier to issue policies to the Broker/Owner's customers.

5.      Captive Reinsurer (the "Captive Reinsurer") – is the entity which provides reinsurance to the Captive.

6.      TPAs – third-party administrators that adjust and administer insurance claims on behalf of the Issuing Carriers.

7.      Captive Insurance Manager (the "Captive Manager") – is the entity that handles the day-to-day operations of the Captive and represents the Captive in front of its domicile regulatory authority.

In this case, Plaintiff purchased insurance policies from Gagliardi Insurance Services, Inc. ("Gagliardi").  Gagliardi is the Broker/Owner of the purportedly fraudulent insurance policies. Prior to filing for bankruptcy, Gagliardi operated its

business for over fifty years and specialized in selling accident and health insurance policies for sports leagues and teams, such as Plaintiff. Ambassador provided consulting services to Gagliardi for only three years, beginning in July of 2017 and ceasing in October of 2020. [White Decl. ¶ 15].

Ambassador is a Kentucky limited liability company that was founded and operated by White. Defendants do not market or solicit business or services within the State of California.  Put simply, Defendants are not engaged in the business of insurance. Instead, they are in the business of providing consulting services to those engaged in the insurance business. Ambassador is not an insurance company that underwrites risk, nor does it sell or issue insurance policies or certificates to insureds. Ambassador, as a Captive Intermediary, offers services including advising and evaluating the feasibility of Captive programs and facilitating, orchestrating, and implementing certain aspects of a Captive program on behalf of the Owner/Broker.

In consideration of providing these services, Ambassador collects a fixed standard engagement fee from the Broker/Owner. After the creation of a Captive, the Captive Intermediary plays no role in the sales, solicitation of sales, or advertising and marketing of services to potential customers. It is critical for the Court to discern the exact relationships of the Parties in the context of insurance sales to entities such as Plaintiff; Defendants play no role in this context whatsoever. The Amended Complaint does not allege that Ambassador or White had any connection to Plaintiff in the state of California. In fact, Gagliardi, as the Broker/Owner, is the only entity that had any contact with Plaintiff in the state of California.

## III.   **ARGUMENT**

### A.   **The Court Must Dismiss Defendants From This Action Or Transfer The Case For Lack Of Personal Jurisdiction**

The Court lacks personal jurisdiction over Defendants. Therefore, the Court must dismiss Defendants from this action pursuant to Rule 12(b)(2) of the Federal Rules of

1  Civil Procedure. Alternatively, the Court may transfer the case to the United States
2  District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1631.

3         "Personal jurisdiction refers to a court's power to render a valid and enforceable
4  judgment against a particular defendant."  Jine v. OTA Franchise Corp., Nos. SACV
5  20-00769JVS(KESx);  SACV  20-00960JVS(KESx);  SACV  20-01152JVS(KESx),
6  2020 U.S. Dist. LEXIS 247237, *7 (C.D. Cal. Sept. 11, 2020) (citations omitted).  This
7  power is limited by the Due Process Clause of the Fourteenth Amendment of the United
8  States Constitution.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945).  The Due
9  Process Clause of the Fourteenth Amendment requires the presence of sufficient
10 "contacts, ties, or relations" between each defendant and the forum state before
11 "mak[ing] binding a judgment in personam against an individual or corporate
12 defendant." Id. Furthermore, the Due Process Clause requires the existence of
13 "'minimum contacts' between the defendant and the forum."  World-Wide
14 Volkswagen v. Woodson, 444 U.S. at 291-92. This requirement protects defendants
15 "against the burdens of litigating in a distant or inconvenient" court and lends "a degree
16 of predictability to the legal system." Id. at 297.

17        Plaintiff in this case bears the burden of proving that jurisdiction is appropriate
18 over each of the defendants.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797,
19 800 (9th Cir. 2004). To satisfy its burden, Plaintiff must support its allegations of
20 jurisdictional facts with competent proof. Hertz Corp. v. Friend, 559 U.S. 77, 96-97
21 (2010). In the absence of an evidentiary hearing or discovery on the issue of personal
22 jurisdiction, the demonstration requires a prima facie showing of jurisdictional facts.
23 Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting Doe v.
24 Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)).

25        "Personal jurisdiction may be premised on general personal jurisdiction (based
26 on a defendant's continuous presence in a state) or specific personal jurisdiction (based
27 on specific contacts with the state specifically related to the claims at issue." Jine, 2020
28

U.S. Dist. LEXIS 247237 at *8-9.  The Court has neither general nor specific personal jurisdiction over Defendants and therefore must dismiss Defendants from this action or transfer it to the Western District of Kentucky.

### 1.    *The Court lacks general personal jurisdiction over Defendants.*

The Court may exercise general personal jurisdiction over Defendants only if their contacts with California are "so continuous and systematic as to render the foreign [defendant] essentially at home in the forum State."  Daimler AG v. Bauman, 571 U.S. 117, 133 n. 11 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)) (internal quotation marks omitted).  Put differently, Plaintiff must demonstrate that Defendants' "continuous and systematic general business contacts" with California "approximate physical presence" in California.  Schwarzenegger, 374 F.3d at 801 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984) and Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)).

Plaintiff cannot demonstrate that Defendants are "at home" in California. White is domiciled in Kentucky. [White Decl. ¶ 4].  White is also employed in Kentucky. [Id. ¶ 3].  White does not own any real or personal property in California.  [Id. ¶ 8]. In fact, White has not traveled to California in eight years. [Id. ¶ 7].  The Amended Complaint accurately alleges that White is a Kentucky resident. [Dkt 34, Am. Compl. ¶ 10].  But Plaintiff failed to identify, and cannot identify, continuous or systematic contacts between White and California, much less contacts sufficient to "approximate physical presence" in California.    Therefore, the Court cannot exercise general personal jurisdiction over White.

Nor can the Court exercise general personal jurisdiction over Ambassador.  As conceded in the Amended Complaint, "Defendant Ambassador is a Kentucky limited liability company with a principal place of business at 9700 Park Plaza Avenue, Unit 201, Louisville, Kentucky 40241." [Dkt 34, Am. Compl. ¶ 8]. Although Plaintiff

alleges that Ambassador is registered to do business in California, this allegation is insufficient to establish general personal jurisdiction over Ambassador.

Ambassador has, in fact, registered an agent in California for service of process. [White Decl. ¶ 18] "California law, however, requires a foreign corporation transacting business [in California] to name an agent in the state for service of process." Bristol-Myers Squibb Co. v. Superior Court, 377 P.3d 874, 884 (Cal. 2016) (citing Corp. Code Sec 2105, subd. (a)(5)) (reversed on other grounds in Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773 (2017)). In Bristol-Myers, the California Supreme Court further explained that "[t]he purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions while in the State." Id. (quoting Morris & Co. v. Ins. Co., 279 U.S. 405, 408-409 (1929)) (emphasis supplied by Bristol-Myers court).  Finally, the Bristol-Myers court explained that:

> a corporation's appointment of an agent for service of process, when required by state law, cannot compel its surrender to general jurisdiction for disputes unrelated to its California transactions. The "designation of an agent for service of process and qualification to do business in California alone are insufficient to permit general jurisdiction."

Id. (quoting Thomas v. Anderson, 113 Cal.App.4th 258, 268) (citations omitted).  Therefore, Ambassador's registration of an agent for service of process in California—which Plaintiff labels as registering to do business in California—does not create general personal jurisdiction over Ambassador.

Furthermore, Ambassador does not maintain any offices of business in California, does not employ any California residents, and does not currently provide services to any California clients.  [White Decl. ¶ 10].  Plaintiff cannot prove continuous

and systematic general business contracts between Ambassador and California sufficient to render Ambassador at home, and to approximate physical presence in California. Therefore, in accordance with <u>Schwarzenegger</u> and <u>Bristol-Meyers</u>, the Court cannot exercise general jurisdiction over Defendants.

2.   <u>*The Court lacks specific personal jurisdiction over Defendants.*</u>

The Court may only exercise specific personal jurisdiction over Defendants if Plaintiff proves that "the controversy [is] sufficiently related to or arose out of [Defendants'] contacts with the forum state." <u>Omeluk v. Langsten Slip & Batbyggeri A/S</u>, 52 F.3d 267, 270 (9th Cir. 1995). In the Ninth Circuit, a three-prong test is used to determine whether a court may exercise specific personal jurisdiction over a defendant:

> (1)   The nonresident defendant purposefully directs his activities or consummates some transaction with the forum or the forum's resident; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; and (2) The claim arises out of or results from the nonresident defendant's forum-related activities; and (3) The exercise of jurisdiction comports with fair play and substantial justice (*i.e.*, jurisdiction is reasonable).

<u>Jine</u>, 2020 U.S. Dist. LEXIS 247237 at *10 (quoting <u>Schwarzenegger</u>, 374 F.3d at 802) (format altered).

Plaintiff bears the burden of proving the first two prongs of the test. <u>Id.</u> And if Plaintiff fails to prove either of the first two prongs, then "jurisdiction in the forum would deprive the defendant of due process of law." See <u>Omeluk</u>, 52 F.3d at 270. Even if Plaintiff were able to prove the first two prongs of the test, which it cannot do in this case, the Court must dismiss Defendants from this action because exercising jurisdiction

1  over them would be unreasonable. See Schwarzenegger, 374 F.3d at 802 (quoting

2  Burger King v. Rudzewicz, 471 U.S. 462, 476-78 (1985)).

3      To satisfy its burden under the "purposeful availment" prong, Plaintiff must

4  prove that Defendants "engaged in 'significant activities' within California or have

5  created 'continuing obligations' between itself and the forum." Jine, 2020 U.S. Dist.

6  LEXIS 247237 at *16 (quoting Gray & Co. v. Firestenberg Mach. Co., 913 F.2d 758,

7  760 (9th Cir. 1990)).  Plaintiff must prove that the alleged availment was purposeful

8  and that Defendants' alleged contacts with California are not the result of Plaintiff's or

9  some third party's actions. See Burger King, 471 U.S. at 475. "A defendant will not be

10  haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts,

11  or of the unilateral activity of another party or a third person."  Blizzard Entm't, Inc. v.

12  Joyfun Inc. Co., No. SACV 19-1582 JVS (DFMx), 2020 U.S. Dist. LEXIS 74722, *9

13  (C.D. Cal. Feb. 7, 2020) (citing Schwarzenegger, 374 F.3d at 802).

14      More specifically, Plaintiff must prove (1) that Defendants committed an

15  intentional act, (2) that Defendants' act was expressly aimed at California, and (3) that

16  Defendants' act causes harm that Defendants know is likely to be suffered in California.

17  See Yahoo!, 433 F. 3d at 1206. Because Plaintiff cannot prove these three prongs

18  concerning both Ambassador and White, the Court must dismiss Defendants from this

19  action for lack of personal jurisdiction or transfer this action to the Western District of

20  Kentucky.

21      The Amended Complaint only alleges one contact between Defendants and

22  California: that Ambassador is registered to do business there. [Dkt 34, Am. Compl. ¶

23  8]. Plaintiff alleges that Defendants were involved in a "scheme," the purpose of which

24  "was the misappropriation and/or theft of premium dollars from youth sports teams,

25  leagues, and athletes throughout the United States by selling counterfeited and

26  nonexistent 'insurance policies' . . . which purport to provide accident, health, and other

27  insurance primarily to these youth sports teams, leagues, and athletes. . . ." [Dkt 34, Am.

28

Compl. ¶ 16]. But Defendants never sold an insurance policy to anyone in California, or anywhere. [White Decl. ¶¶ 12-13]. Defendants do not sell insurance. [Id.]. And although Ambassador has registered an agent for service in California, as required by California law, Defendants do not maintain an office in California. [Id. ¶¶ 9, 18]. Nor do Defendants currently transact business in California or have current business relationships with any California clients. [Id. ¶ 10]. In fact, White has not even traveled to California since Ambassador began consulting for Gagliardi. [Id. ¶ 7].

Other than Ambassador's registration of an agent for service in California, the Amended Complaint fails to identify any intentional contacts expressly aimed at California. This sole contact, however, did not cause harm—much less harm that Defendants knew would likely be suffered in California. Defendants do not sell insurance, and do not directly do business in any way with the purchasers of insurance. [Id. ¶¶ 12-13, 19]. Therefore, Defendants had no contacts with anyone allegedly harmed in California. Furthermore, the Amended Complaint alleges that the Californians who were harmed by the "scheme" purchased that insurance from Gagliardi. [Dkt 34. Am. Compl. ¶ 18]. Defendants did not have any contact with Gagliardi in California. [White Decl. ¶ 16]. The only contact between Defendants and California alleged in the Amended Complaint, the business registration, is therefore not connected to Defendants' dealings with Gagliardi or the harm allegedly caused by the "scheme." For these reasons, Plaintiff cannot satisfy the "purposeful availment" prong and Defendants must be dismissed from this action or the case must be transferred to the Western District of Kentucky.

To satisfy its burden under the second prong, Plaintiff must prove that its claims arise out of or relate to Defendants' California-targeted activities. <u>Menken v. Emm</u>, 503 F.3d 1050, 1058 (9th Cir. 2007). More specifically, Plaintiff must prove that its causes of action would not have arisen "but for" Defendants' intentional contacts with California. Id. (citing <u>Myers v. Bennett Law Offices</u>, 238 F.3d 1068, 1075 (9th Cir.

2001)). Because Plaintiff cannot prove that Defendants' alleged contacts with California are the "but for" cause of its claims, the Court must dismiss Defendants from this action for lack of personal jurisdiction or transfer it to the Western District of Kentucky.

As discussed above, the Amended Complaint alleges only one intentional contact between Defendants and California: that Ambassador is registered to do business there. [Dkt 34, Am. Compl. ¶ 8]. This immaterial contact is not the "but for" cause of Plaintiff's claims. The Amended Complaint alleges that Plaintiff purchased insurance only from Gagliardi. [Id. at ¶ 18]. Defendants did not negotiate or execute any agreements with Gagliardi in California. [White Decl. ¶ 16]. In fact, Defendants had zero contacts with Gagliardi in California. [Id.]. Even assuming the allegations of the Amended Complaint are true, Plaintiff's claims are completely unrelated to Ambassador's registration of an agent for service pursuant to California law. The allegation that Ambassador is "registered to do business in California" is immaterial to the jurisdictional analysis where, as here, Defendants did not do any business in California that is related to Plaintiff's claims. For these reasons, Plaintiff cannot satisfy the second prong of the specific personal jurisdiction test and Defendants must be dismissed from this action or the case must be transferred.

Even if Plaintiff could satisfy its burden under the first two prongs of the specific personal jurisdiction test, which it cannot do, exercise of personal jurisdiction over Defendants would be unreasonable in this case and the Court must therefore dismiss them from this action. In the Ninth Circuit, courts consider the following seven factors to determine whether the exercise of personal jurisdiction is reasonable:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the

dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Menken, 503 F.3d at 1058 (quotation omitted).

On balance, these factors weigh in favor of dismissing the claims against the Defendants or transferring the case to the Western District of Kentucky. First, Defendants have minimal contacts with California and cannot be said to have purposefully interjected into California's affairs. The Amended Complaint only alleges that Ambassador is registered to do business in California. [Dkt 34, Am. Compl. ¶ 8]. This contact, however, is wholly unrelated to Plaintiff's claims.

Second, the burden on Defendants of defending themselves against the Amended Complaint's allegations in the Court would be great. Defendants are domiciled in Kentucky, do not own real property in California, and do not regularly travel or do business in California. [White Decl. ¶¶ 4-11]. It is unreasonably burdensome to require Defendants to defend this action on the other side of the country when they have such minimal connection to the state of California. Third, the Court's exercise of jurisdiction would interfere with the sovereignty of Defendants' state and the substantial interest Kentucky has in regulating the conduct of its citizens and the companies organized under its laws.

Fourth, California has a minimal interest in adjudicating the dispute. Although the named plaintiff in this case claims to be a California company, this is a class action complaint. Therefore, California has no greater interest in adjudicating this dispute than any of the other states that govern putative class members.

Fifth, the most efficient resolution of this controversy is to dismiss Defendants from this action or transfer the action to the Western District of Kentucky. Because the Amended Complaint fails to state a claim upon which relief can be granted and because

Plaintiff's claims are meritless, the most efficient resolution of this controversy is to dismiss the case. However, transferring the case to the Western District of Kentucky is also more efficient than proceeding with the action in California because, among other reasons, Defendants are already litigating a related action in the Western District of Kentucky. Transferring the action there would enable Defendants to more efficiently litigate this case by using the same attorneys. Transferring this case to the Western District of Kentucky would also avoid the possibility of inconsistent decisions concerning many of the same issues.

Sixth, the choice of forum is relatively unimportant to Plaintiff because Plaintiff seeks to bring a class action against Defendants. In a class action, the plaintiff's choice of forum is not given significant weight. Silva v. Aviva PLC, No. 15-CV-02665-PSG, 2016 U.S. Dist. LEXIS 40617, *16 (N.D. Cal. Mar. 25, 2016) (quoting Roling v. E*Trade Sec., LLC, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2011)).

Finally, the existence of the Western District of Kentucky as an alternative forum weighs in favor of either dismissing or transferring the case. Plaintiff could have originally filed this case in the Western District of Kentucky, and if the Court dismisses the case because it lacks personal jurisdiction, then Plaintiff might choose to refile the action there. Furthermore, 28 U.S.C. § 1631 enables the Court to transfer this case to cure the present jurisdictional defects. The existence of this alternative forum ensures that Plaintiff will not be deprived of the opportunity to pursue its claims in federal court.

These seven factors illustrate that it would be unreasonable for the Court to exercise jurisdiction over Defendants. Thus, even if Plaintiff could satisfy its burden of proving the first two prongs of the specific personal jurisdiction test, the Court must dismiss or transfer this case to the Western District of Kentucky.

/ / /

/ / /

3.   *The Court must either dismiss Defendants from this action or transfer the case to the Western District of Kentucky.*

For the reasons outlined in this memorandum, the Court lacks personal jurisdiction over Defendants. Therefore, the Court must dismiss Defendants from this action, or, if the Court finds it to be in the interest of justice, the Court can properly transfer this case to the United States District Court for the Western District of Kentucky. A federal court may transfer a civil action to cure jurisdictional defects pursuant to 28 U.S.C. § 1631. "Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Meza v. Martinez, No. CV 20-2343-MCS (SP), 2021 U.S. Dist. LEXIS 28619, *13 (C.D. Cal. Feb. 16, 2021) (citing Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001)).

All three § 1631 conditions are satisfied in this case. First, as described above, this Court lacks personal jurisdiction over Defendants. Second, the United States District Court for the Western District of Kentucky could have exercised jurisdiction at the time the action was filed. The United States District Court for the Western District of Kentucky holds general personal jurisdiction over Defendants because Ambassador's principal place of business is in Kentucky and White is domiciled in Kentucky. Further, the United States District Court for the Western District of Kentucky enjoys personal jurisdiction over Performance Insurance Company SPC and Goldenstar Specialty Insurance, LLC. The clearest evidence of that court's jurisdiction over all of these entities is the civil action that is already proceeding against them there. Ambassador, White, Goldenstar Specialty Insurance, LLC, and Performance Insurance Company SPC are all presently defendants in Lexington Ins. Co. v. Ambassador Grp. LLC, No. 3:20-CV-00330-BJB-LLK, which is proceeding in the Western District of Kentucky.

"To determine if transfer is in the interest of justice, the court undertakes a limited review of a petition in light of its likelihood of success." Meza, 2021 U.S. Dist. LEXIS 2861 at *14 (citing <u>Miller v. Hambrick</u>, 905 F.2d 259, 262 (9th Cir. 1990); <u>Boultinghouse v. Lapin</u>, 816 F. Supp. 2d 107, 113 (D.D.C. 2011)). In this case, the Amended Complaint fails to state a claim upon which relief can be granted and Plaintiff's claims are meritless. Thus, transfer would be futile and it is in the interest of justice to dismiss the case. But, if the Court finds transfer to be appropriate, then jurisdiction is proper in the Western District of Kentucky.

The Court does not have personal jurisdiction over all the defendants named in the Amended Complaint; the United States District Court for the Western District of Kentucky does. Defendants therefore move the Court to either dismiss them from this action or transfer it to the Western District of Kentucky, whichever the Court finds to be in the interest of justice.

**B.** **<u>Alternatively, The Court Should Transfer Venue To The United States District Court For The Western District Of Kentucky</u>**

Even if the Court finds that it has personal jurisdiction over Defendants, the Court should transfer this case to the Western District of Kentucky in the interest of justice and for the convenience and fairness of the parties. First, venue is proper in the Western District of Kentucky. Although there is not a judicial district in which all defendants reside, a "substantial part of the events or omissions giving rise to the claim occurred" within the Western District of Kentucky. 28 U.S.C. § 1391(b)(2). White resides in the Western District of Kentucky. Ambassador's principal place of business is in the Western District of Kentucky. The Amended Complaint alleges that Defendant Performance maintains an office in the Western District of Kentucky. [Dkt 34, Am. Compl. ¶ 9]. Furthermore, the relevant agreements were executed and negotiated by White and Ambassador in the Western District of Kentucky. [White Decl. ¶ 17]. And even if the Court finds that a substantial part of the events or omissions giving rise to

the claim did not occur in the Western District of Kentucky, venue is proper there under § 1391(b)(3) because both White and Ambassador are subject to the general personal jurisdiction of the United States District Court for the Western District of Kentucky. Since federal venue rules would have allowed this action to be brought in the Western District of Kentucky, the Court must determine whether it is in the interest of justice to transfer it there.

The Court may transfer the case to the Western District of Kentucky based on an "individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted) (citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). "Courts have characterized the heart of the issue as looking to which forum has the 'center of gravity,' which forum has the closest connection to the 'operative facts' or which forum has the most 'significant connection' to the dispute." Silva, 2016 U.S. Dist. LEXIS 40617 at *12. Although Section 1404(a) expressly identifies "the convenience of parties and witnesses" as a factor for the Court to consider, the Court may also consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the difference in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones, 211 F.3d at 489-99. On balance, these factors weigh in favor of transferring the case to the Western District of Kentucky.

/ / /

/ / /

-15-

1.   *The location where the relevant agreements were negotiated and executed.*

This factor weighs in favor of transfer. All agreements potentially relevant to Ambassador's and White's involvement in the alleged scheme underlying Plaintiff's claims were executed and negotiated by Defendants in Kentucky. [White Decl. ¶ 17].

2.   *The state that is most familiar with the governing law.*

This factor is neutral and should not be afforded significant weight. Even assuming that Plaintiff's state law claims will be governed by California law, the Amended Complaint also alleges a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.. Because this action will involve the interpretation of both federal and state law, neither of which predominates over the case, this factor should not be afforded much weight.

3.   *The plaintiff's choice of forum.*

Although Plaintiff decided to file this action in the Central District of California, "this is a class action suit, where a 'plaintiff's choice of forum is often accorded less weight.'" Silva, 2016 U.S. Dist. LEXIS 40617 at *16. Because Plaintiff seeks to bring a class action against Defendants, this factor is neutral and the Court should not afford it significant weight.

4.   *The respective parties' contacts with the forum*

This factor weighs in favor of transfer. Defendants' had minimal if any contacts with California. On the other hand, Ambassador is an LLC organized in Kentucky, Ambassador's principal place of business is in the Western District of Kentucky, White is domiciled in the Western District of Kentucky, and Plaintiff alleges that Performance maintains an office in the Western District of Kentucky.

/ / /

/ / /

/ / /

5.      *Contacts relating to the plaintiff's cause of action in the chosen forum*

This factor weighs in favor of transfer because all of the alleged acts and omissions of Defendants related to the alleged scheme underlying Plaintiff's claims occurred in Kentucky. All agreements potentially relevant to the alleged scheme executed by Defendants were negotiated and executed in the Western District of Kentucky. [White Decl. ¶ 17]. Plaintiff cannot identify a single contact between Defendants and the Central District of California that is relevant to Plaintiff's claims.

6.      *The difference in the costs of litigation in the two forums*

This factor weighs in favor of transferring the case to the Western District of Kentucky. Defendants are presently litigating a related action in the Western District of Kentucky. See Lexington Ins. Co. v. Ambassador Grp. LLC, No. 3:20-CV-00330-BJB-LLK. Transferring this case to the Western District of Kentucky will therefore promote continuity in Defendants' representation in these related matters. By proceeding with the same counsel in this action, and without the need to hire local counsel, Defendants will be able to more efficiently defend their interests in federal court. Moreover, litigating these related cases will promote efficiency by consolidating the sources of proof and legal services into one federal district.

7.      *The availability of compulsory process to compel attendance of unwilling non-party witnesses*

This factor is neutral. The Court's subpoena power to compel the attendance of out-of-state witnesses for a trial, hearing, or deposition only extends 100 miles. Fed. R. Civ. P. 45(c)(1)(A). It is unclear what non-party witnesses will be relied upon in this matter. It is likely, however, that both parties will seek to collect the testimony of non-party witnesses either at trial, a hearing, or at a deposition. Some of these non-party witnesses will likely be employees of Plaintiff, Defendants, and Gagliardi. These non-party witnesses probably reside in California, Kentucky, and Pennsylvania,

-17-

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' SECOND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER
8:21-CV-00199

respectively. Therefore, non-party witnesses will fall outside the reach of the court's subpoena power whether the case proceeds in the Western District of Kentucky or in the Central District of California. This factor is therefore neutral and should not be afforded much weight.

8. <u>*The ease of access to sources of proof.*</u>

This factor weighs in favor of transfer. White and Ambassador are domiciled in Kentucky. And the proof upon which Defendants will rely in defending this civil action—and the proof which Plaintiff may attempt to collect through discovery from Defendants—is located in the Western District of Kentucky. Furthermore, Defendants are already litigating a related action in the Western District of Kentucky. Transferring the case to the Western District of Kentucky will therefore enable Defendants to consolidate their sources of proof and legal services into one federal district.

## IV.   <u>CONCLUSION</u>

Defendants must be dismissed from this action or the case must be transferred for lack of personal jurisdiction. Defendants' lack continuous and systematic contacts with California sufficient to render them at home in the forum. Defendants have no contacts with California which are related to this case. Moreover, even if the requisite contacts were present, it would be unreasonable for the Court to exercise jurisdiction over Defendants.   Finally, even if the Court finds it has personal jurisdiction over Defendants, it should transfer this case to the forum that has the "center of gravity" in this matter: The Western District of Kentucky.

/ / /

/ / /

/ / /

/ / /

/ / /

1    The Due Process Clause of the Fourteenth Amendment mandates, and

2  considerations of the convenience of the parties and the interests of justice counsel, that

3  the Court either dismiss this case or transfer it to the Western District of Kentucky.

4

5  DATED:  April 23, 2021                          CLAUSEN MILLER P.C.

6

7

8                                                  BY:/s/Ian R. Feldman
                                                       Ian R. Feldman
9

10                                                 STOLL KEENON OGDEN PLLC

11

12                                                 By: /s/Spencer K. Gray
13                                                     Culver V. Halliday
                                                       Spencer K. Gray
14

15                                                 Attorneys for Defendants
16                                                 THE AMBASSADOR GROUP, LLC
                                                   AND BRANDON M. WHITE
17  7303997.1

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 17901 Von Karman Avenue, Suite 650, Irvine, California 92614.

On April 23, 2021, I served the document(s) described below on all interested parties, as follows:

**DEFENDANTS THE AMBASSADOR GROUP, LLC AND BRANDON M. WHITE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR SECOND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER**

**[X] BY CM/ECF:** I caused such document(s) to be served electronically pursuant to the U.S. District Court's Electronic Case Filing Program to be delivered electronically to those parties who have registered to become an E-Filer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Certificate of Service was executed by me on April 23, 2021 in Irvine, California.

*/s/ Barbara Dorsey*
Barbara Dorsey

-25-