**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Ra O. Amen (Pro Hac Vice)
Ramen@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

Gretchen M. Nelson (SBN 112566)
gnelson@nflawfirm.com
Gabriel S. Barenfeld (SBN 224146)
gbarenfeld@nflawfirm.com
**NELSON & FRAENKEL LLP**
601 So. Figueroa Street, Suite 2050
Los Angeles, California 90017
Telephone:  (213) 622-6469
Facsimile: (213) 622-6019

*Attorneys for Plaintiff and the Proposed Classes*

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DEL OBISPO YOUTH BASEBALL, INC. d/b/a DANA POINT YOUTH BASEBALL, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS,  *et al.*, <br><br> Defendants. | Case No.: 21-cv-00199 JVS (DFMx) <br> CLASS ACTION <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS THE AMBASSADOR GROUP, LLC AND BRANDON M. WHITE'S SECOND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER** <br><br> **DATE:** July 12, 2021 <br> **TIME:** 1:30 p.m. <br> **COURTROOM:** The Honorable James V. Selna |

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................... 1

II.    STATEMENT OF RELEVANT FACTS ............................................................ 1

III.    DEFENDANTS HAVE SUFFICIENT CONTACTS WITH CALIFORNIA FOR THIS COURT TO EXERCISE PERSONAL JURISDICTION. ............................ 3

  A.  Defendants have purposefully availed themselves in California. .............. 4

  B.  Plaintiff's claims arise out of Defendants' forum-related activities. .......... 6

  C.  Personal jurisdiction is not unreasonable here. .......................................... 7

IV.    VENUE FOR THIS CASE SHOULD REMAIN IN CALIFORNIA. ................... 9

  1.  There is no evidence that the relevant agreements between Defendants and the California Plaintiffs were not negotiated in California. ..................... 11

  2.  California is most familiar with the predominant governing law. ....................... 12

  3.  Plaintiff is from California and chose California as its forum. ........................... 12

  4.  The parties have contact with California because they set up, negotiated, and otherwise facilitated the provision of insurance covering California residents in California. ............................................................................................... 13

  5.  Litigating this case in Kentucky would create a burden for Plaintiff, a non-profit organization whose purpose is to provide sports activities for California youth. 13

  6.  Defendants have not shown that the availability of compulsory process to compel attendance of unwilling non-party witnesses and the ease of access to sources of proof warrant transfer. ............................................................................................... 13

V.    CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**

*Alul v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2016 WL 7116934
(N.D. Cal. Dec. 7, 2016) ............................................................................. 12

*Arcona, Inc. v. Farmacy Beauty, LLC*, No. 217CV07058ODWJPR, 2018 WL 1441155
(C.D. Cal. Mar. 22, 2018) ............................................................................ 12

*Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957 (C.D. Cal. 2005) ........ 14

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .................................................. 3, 4

*Cisco Systems, Inc., et al. v. Dexon Computer, Inc.*, No. 20-CV-04926-CRB, 2021 WL
2015942 (N.D. Cal. May 20, 2021) ............................................................... 6

*Core-Vent Corp. v. Nobel Indus.*, 11 F.3d 1482 (9th Cir. 1993) ........................................ 8

*Corp. Inv. Bus. Brokers v. Melcher*, 824 F.2d 786 (9th Cir. 1987) .................................... 8

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) ............... 10

*DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077 (C.D. Cal. 2002) ..................... 3, 8

*Elite Apparel, LLC v. Dallas Cowboys*, No. 13-CV-1038 H (WVG), 2013 WL 12116606
(S.D. Cal. Nov. 5, 2013) ............................................................................. 12

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021) ................... 3, 6

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597
(9th Cir. 2018) ............................................................................................... 9

*Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208 (S.D. Cal. 2013) ........................... 15

*Hirsch v. Blue Cross, Blue Shield of Kansas City,* 800 F.2d 1474
(9th Cir. 1986) ..................................................................................... 4, 6, 8

*HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304 (Fed. Cir. 1999) ....................................... 14

*In re Ferrero Litig.*, 768 F. Supp. 2d 1074 (S.D. Cal. 2011) ............................... 12, 13, 14

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ................................. 10, 11

*Lanard Toys, Ltd. v. Novelty Inc.*, No. CV 05-8406, 2006 WL 8435020
(C.D. Cal. Feb. 8, 2006) ............................................................................... 5

*Low v. SDI Vendome S.A.*, No. CV 02-5983, 2003 WL 25678880
 (C.D. Cal. Jan. 7, 2003) ................................................................................... 5, 7

*McGee v. Int'l Life Ins. Co.*, 355 U.S. 220 (1957) ........................................................ 7, 8

*Nangle v. Penske Logistics, LLC*, No. 11CV807-CAB (BLM), 2012 WL 12996852
 (S.D. Cal. Oct. 30, 2012) ................................................................................. 10

*Novian & Novain, LLP v. Wireless Xcessories Group, Inc.*, No. 2:20-CV-11715, 2021
 WL 1577786 (C.D. Cal. Apr. 19, 2021) ............................................................ 7

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995) ........................... 3

*Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ................................. 9

*Pierucci v. Homes.com Inc.*, No. CV-20-08048-PCT-DWL, 2020 WL 5439534
 (D. Ariz. Sept. 10, 2020) ................................................................................. 12

*Prescott v. Bayer HealthCare LLC*, No. 5:20-CV-00102 NC, 2020 WL 3505717
 (N.D. Cal. June 29, 2020) ............................................................................... 10

*Rodgers v. Stater Bros. Markets*, No. 16CV2614-MMA (MDD), 2017 WL 2268884
 (S.D. Cal. May 24, 2017) ................................................................................ 10

*Roth v. Garcia Marquez*, 942 F.3d 617 (9th Cir. 1991) ................................................... 4

*Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152 (S.D. Cal. 2005) ........................................ 14

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ................... 3, 7

*Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988) ........................................ 7

*STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551 (N.D. Cal. 1988) .................................. 14

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006) ............................. 5

*Wellens v. Daiichi Sankyo Co.*, No. C 13-00581 CW, 2013 WL 3242294
 (N.D. Cal. June 25, 2013) ............................................................................... 14

*Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995) ............................................. 3

**Statutes**

28 U.S.C. § 1404 ............................................................................................. *passim*

## I. INTRODUCTION

Plaintiff has filed this action to obtain redress for itself and the members of the putative classes for the scheme created and implemented by Defendants to sell to Plaintiff and the class members fraudulent insurance policies. These policies were intended to insure youth in California and nationwide in the event of injury that occurred during youth softball league activities. Defendants The Ambassador Group and Brandon White now move to dismiss this action claiming that California lacks personal jurisdiction over Defendants and requesting, in the alternative, that the Court transfer this case to the Western District of Kentucky. The Court should deny Defendants' motion to dismiss and motion to transfer or, in the alternative, should permit Plaintiff to conduct appropriate jurisdictional discovery prior to ruling on this motion.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff alleges that the Defendants in this case set up a scheme to defraud Plaintiff and class members by selling counterfeited and nonexistent insurance policies to Plaintiff and class members, which primarily include youth sports teams, leagues, and athletes throughout the United States. First Amended Complaint, DE 34 ("FAC"), ¶ 1. The mere fact that Defendants The Ambassador Group LLC and Brandon White (together, "Ambassador" or "Defendants") are not insurance companies, did not sell or issue insurance policies does not change their alleged role in the scheme, nor does it absolve them from liability. White Decl., ¶ 13. Moreover, the fact that Ambassador did not *issue* any insurance policies is irrelevant. As the insurance policies in question are counterfeit, no policies were actually *issued*; they were *forged*. Plaintiff further alleges that Ambassador was involved in setting up the scheme using a captive intermediary they helped to set up specifically for the purpose of selling counterfeit insurance policies to residents of California and other states. FAC, ¶¶ 39-43, 48, 50-51, 54. Moreover, Plaintiff alleges that numerous insurance policies and certificates have been *issued* to consumers in California and other states, including Plaintiffs and class members, at the direction of Ambassador. *Id*.

1 | Plaintiff more specifically alleges that co-defendant Dominic Gagliardi is a California resident and Gagliardi Insurance Services, Inc. purposefully associated itself with national sports leagues to market itself and to attract clients in California and throughout the United States. *Id*. ¶¶ 12, 54. Defendant White admits that he provided "consulting" services to Gagliardi for three years from July 2017 through October 2020. White Decl. ¶ 15. While White contends that he did not have physical contact with Gagliardi in California—he admits that he consulted with, negotiated, and executed contracts with Gagliardi during the time period that were relevant to the California claims. *Id*. ¶ 16-17. Moreover, although the Class Period is from January 1, 2011, Ambassador provides only the statement that it "does not **currently** provide services to any California clients." White Decl., ¶ 10 (emphasis added). Similarly, Defendants state only that they currently "**do not** market or solicit business or services within the state of California." ¶ 12 (emphasis added). Finally, Defendants provide a conclusion of law, inappropriate for a declaration and thus should be disregarded by the Court that: Any agreements executed or negotiated by Ambassador or me that could be relevant to the Plaintiff's claims were executed and negotiated in Louisville, Kentucky. Neither Ambassador nor I have negotiated or executed any agreements which could be relevant to the Plaintiff's claims in the state of California. White Decl. ¶ 17.

To gather more information in the face of Defendants' challenge to personal jurisdiction, Plaintiff served jurisdictional discovery on Defendants on May 5, 2021. Declaration of Marie N. Appel ("Appel Decl."), ¶ 3, filed with this brief. Defendants' responses served on June 2, 2021 were incomplete and largely factually devoid. *Id*. Plaintiff is in the process of sending a meet and confer letter and are also requesting a meet and confer pursuant to L.R. 37-1. *Id*. Plaintiff now opposes Defendants' motion to dismiss but request that, should the Court be inclined to grant the motion to dismiss for lack of personal jurisdiction, that it first allow Plaintiff to conduct appropriate jurisdictional discovery.

\\\

III. **DEFENDANTS HAVE SUFFICIENT CONTACTS WITH CALIFORNIA FOR THIS COURT TO EXERCISE PERSONAL JURISDICTION.**

Defendants have sufficient contacts with California that Plaintiff can sustain its burden of establishing specific jurisdiction over Defendants. *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). In general, the jurisdictional analysis requires a court "to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice." *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1079 (C.D. Cal. 2002) (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Ninth Circuit has explained that to exercise specific jurisdiction over a nonresident defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction must be reasonable.

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).[1] If Plaintiff can establish that the first two prongs of the specific jurisdictional analysis are met, then it is Defendants' burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). The third prong requires the Court to balance seven factors: (1) the extent of

---

[1] As explained below, the Supreme Court recently clarified the second element, which permits jurisdiction if the claim arises out of *or relates to* a defendant's forum-related conduct. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Roth v. Garcia Marquez*, 942 F.3d 617, 623 (9th Cir. 1991). Plaintiff has met its burden in establishing the first two factors; however, Defendants simply do not present a "compelling case" that jurisdiction here is unreasonable. Accordingly, Plaintiffs respectfully submit that this Court should o deny Defendant's Second Motion for Lack of Personal Jurisdiction.

  A. **Defendants have purposefully availed themselves in California.**

Regarding the first prong, specific jurisdiction can only be exercised when a non-resident defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The Ninth Circuit has defined "purposeful availment" as when a defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents. *See Hirsch v. Blue Cross, Blue Shield of Kansas City,* 800 F.2d 1474, 1478 (9th Cir. 1986) (holding that an out of state act that has an effect within the forum state is enough to constitute purposeful availment). "It is not required that a defendant be physically present within, or have physical contacts with, the forum, provided that his efforts 'are purposefully directed' toward forum residents." *Id*. (*quoting Burger King*, 471 U.S. at 476).

Defendants' motion presents a constrained reading of what is required to establish specific jurisdiction in California, asking the Court to focus solely on their physical presence in California to determine the jurisdictional question. However, California federal courts demand a more fulsome inquiry. *See Hirsch*, 800 F.2d at 1480 ("[a]lthough [defendant] makes much of its physical absence from California, and the fact that contract negotiations between it and Southwest occurred outside of California, this is not determinative."). First, Defendants acknowledge that they are registered to do business in

California and have a registered agent located in the State.[2] While Defendants ask the Court to brush these facts aside as irrelevant, California federal courts routinely take this into account when making jurisdictional determinations. *See, e.g., Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006) ("In the Ninth Circuit, a corporation's designation of an agent for service of process, . . . is [] one relevant factor in assessing a defendant's forum contacts."); *see Lanard Toys, Ltd. v. Novelty Inc.*, No. CV 05-8406, 2006 WL 8435020 (C.D. Cal. Feb. 8, 2006) (defendant's status as registered to conduct business in California and having an appointed agent for service of process were relevant in the court's jurisdictional analysis).

More importantly, as alleged in the Amended Complaint, Defendants were aware of the details of the counterfeit policies and directed the counterfeited policies at issue to consumers, including to Plaintiff in California. FAC, ¶¶ 39-43, 48, 50-51, 54. Indeed, the purposeful availment requirement is satisfied where "'the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Low v. SDI Vendome S.A.*, No. CV 02-5983, 2003 WL 25678880, *11 (C.D. Cal. Jan. 7, 2003) (*quoting Dole Food Co., Inc. v. Watts, et al.*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Plaintiff more specifically alleges that co-defendant Dominic Gagliardi is a California resident and Gagliardi Insurance Services, Inc. purposefully associated itself with national sports leagues to market itself and to attract clients in California and throughout the United States. *Id*. ¶¶ 12, 54. Defendant White admits that he provided "consulting" services to Gagliardi for three years from July 2017 through October 2020. White Affidavit ¶ 15. While White contends that he did not have physical contact with Gagliardi in California—he admits that he consulted with, negotiated, and executed contracts with Gagliardi during the time period that were

---

[2] According to the California Secretary of State's web site at https://businesssearch.sos.ca.gov, last accessed June 14, 2021, Defendant The Ambassador Group's agent for service of process is located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833. Appel Decl., ¶ 2.

relevant to the California claims. *Id.* ¶ 16-17. Taken together, Defendants easily meet the Ninth Circuit test of purposeful availment as they have taken deliberate action within the forum state and because they have knowingly created ongoing obligations to forum residents. *See Hirsch*, 800 F.2d at 1478.

### B. Plaintiff's claims arise out of Defendants' forum-related activities.

Second, the claim must arise out of or relates to the defendant's forum-related activities. Contrary to Defendants' suggestion, the Supreme Court recently rejected the "but for" test to determine whether a claim arises out of or relates to a defendant's forum-related activities. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1019 (2021) ("[defendant's] causation-only approach finds no support in this Court's requirement of a 'connection' between a plaintiff's suit and a defendant's activities."). In *Ford Motor,* the Court reiterated that its "most common formulation of the rule demands that the suit arise out of *or relate to* the defendant's contacts with the forum." *Id*. at 1026 (emphasis in original) (internal quotation marks omitted). "The Supreme Court has not articulated a precise 'relate to' test, but if a company attempts to directly serve the market for its product in the forum state, and its product causes an injury in the forum state, that is enough." *Cisco Systems, Inc., et al. v. Dexon Computer, Inc.*, No. 20-CV-04926-CRB, 2021 WL 2015942, at *4 (N.D. Cal. May 20, 2021) (citing *Ford Motor*, 141 S. Ct. at 1027) (explaining that when a company serves the market of a forum state, and the company's product causes an injury in the forum state, the forum state's courts have jurisdiction over the company even if the specific product that caused the injury was not designed, made, or sold by the company in the forum state).

This is not a case where the plaintiff is claiming jurisdiction based on generalized business activities. Rather, as noted above, the harm to Plaintiff arises from Defendants' actions in directing counterfeit insurance policies to customers, including those in California. Defendants argue that their only "intentional contact" with California is that Ambassador is registered to do business here. *See* Defs' Mot. to Dismiss (DE 41-1), p. 10. But this argument misses the mark. Defendants do not deny that they had ongoing

contacts with Gagliardi regarding the counterfeited polices that were directed at California consumers—policies that were offered for sale and sold in California. As this Court noted in finding no due process violation in *Low*, "the contacts between [defendant] and the forum state are integral and essential parts of the alleged fraudulent scheme on which [plaintiffs] base[] [their] suit." *Low*, 2003 WL 25678880 at *12 (citing *Dole Food*, 303 F.3d at 1114) (internal quotation marks omitted); *see also Novian & Novain, LLP v. Wireless Xcessories Group, Inc.*, No. 2:20-CV-11715, 2021 WL 1577786, *6 (C.D. Cal. Apr. 19, 2021) (citing *Ford Motor*, defendant's allegedly fraudulent statements to California residents were enough to establish that claim arose out of forum-related conduct).

      Relatedly, the Supreme Court has held that there was no violation of due process where an insurance contract was delivered in California, premiums were mailed from there and the insureds were residents of the State. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957). Following the recent guidance in the *Ford Motor* case, it is clear that Plaintiffs' claims both arise out of and relate to Defendants' contacts with California thereby making jurisdiction in California proper.

      **C.**    **Personal jurisdiction is not unreasonable here.**

      Finally, Defendants have failed to carry their burden of satisfying that personal jurisdiction is unreasonable. *Schwarzenegger*, 374 F.2d at 802. The first factor in the "reasonableness" analysis examines the extent of Defendants' purposeful availment. As discussed above, Defendants have purposefully availed themselves of the privilege of conducting business activities in California. Defendants' contacts with California are at the heart of this matter—indeed, Plaintiff alleges that Defendants acted in concert to defraud Plaintiff and the class members into purchasing counterfeit insurance policies to cover potential injuries to minor children who knowing that they lived in California. Thus, the first factor weighs in favor of finding specific jurisdiction. *See Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988) (where a defendant "perform[s] some type of affirmative conduct which allows or promotes the transaction of business within

the forum state," purposeful available is typically found).

The second factor considers the burden on Defendants. "Unless such inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *See Corp. Inv. Bus. Brokers v. Melcher*, 824 F.2d 786, 791 (9th Cir. 1987) (*quoting Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1481 (9th Cir. 1986)). Defendants claim that it would be a great burden to defend this matter in California; however, this Court has held that difficulty to defend in another state does not equate to unreasonableness. *See DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077 (C.D. Cal. May 8, 2002). However, given that Plaintiff alleges that Defendant wrongfully reaped in thousands of dollars in premium insurance from thousands of putative class members over ten years, Defendant can hardly argue that it will be a significant financial burden to litigate this case in California versus Kentucky. FAC, ¶¶ 18, 25.

With respect to the third and fourth factors, Defendants contend that an exercise of jurisdiction would interfere with Kentucky's sovereign interest. However, "[a]s courts have previously observed, [] choice-of-law rules, rather than jurisdictional tests are designed to accommodate these concerns." *Hirsch*, 800 F.2d at 1482. Moreover, California has an equally strong interest in providing an effective means of redress for its residents who have been tortiously injured. *DIRECTV*, 207 F. Supp. 2d at 1082. "This is especially true [as here] where individual claims are small and the cost of litigation would ostensibly preclude many plaintiffs from bringing a claim in another state—"thus in effect making [a defendant] judgment proof." *McGee*, 355 U.S. at 223. On balance, both of these factors tip in favor of finding specific jurisdiction.

The fifth factor concerns judicial efficiency. In evaluating this factor, courts look "primarily at where the witnesses and the evidence are likely to be located." *Core-Vent Corp. v. Nobel Indus.*, 11 F.3d 1482, 1489 (9th Cir. 1993). Here, the claims involve counterfeited insurance policies purchased by Plaintiff and other class members in California. Defendants ask the Court to transfer the case to the Western District of

1  Kentucky because they are being sued there in a related action. While this may streamline
2  the judicial process for Defendants, it is Plaintiff who would bear the burden of such a
3  transfer. Because witnesses and evidence are located in California, this factor also weighs
4  in favor of jurisdiction.
5     The sixth factor considers Plaintiff's interest in convenient and effective relief.
6  Plaintiff notes that California is its preferred forum as Plaintiff and other class members
7  are located here as are their attorneys. Moreover, Plaintiff has no connection to Kentucky.
8  This factor "weigh[s] slightly in favor" of Plaintiff. *See Freestream Aircraft (Bermuda)*
9  *Ltd. v. Aero Law Grp.*, 905 F.3d 597, 609 (9th Cir. 2018). The final factor considers the
10 existence of an alternative forum and while Plaintiffs agree the Western District of
11 Kentucky would have jurisdiction over Defendants, the inconvenience to Plaintiffs in
12 forcing them to pursue their claims in Kentucky militates strongly against this factor
13 weighing in Defendants' favor.
14    Taken together, the applicable factors demonstrate that Defendants have failed to
15 sustain their burden of presenting a "compelling" case that the Court's exercise of
16 jurisdiction over the Defendants would be unreasonable. *See, e.g.*, *Panavision Intern.,*
17 *L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998) ("although some factors weigh in
18 [defendant's] favor, he failed to present a compelling case that the district court's
19 exercise of jurisdiction in California would be unreasonable."). For all of these reasons
20 the motion to dismiss for lack of personal jurisdiction should be denied.
21 **IV.   VENUE FOR THIS CASE SHOULD REMAIN IN CALIFORNIA.**
22    Defendants' alternative argument that this case should be transferred to Kentucky
23 under 28 U.S.C. § 1404 is baseless. Defendants fail even to address most of the relevant
24 public and private interest factors involved in a transfer analysis. And for the factors they
25 do touch on— such as convenience of the witnesses—Defendants provide only the barest
26 of arguments, omitting the clearly critical details, such as identifying who the witnesses
27 might be or the general substance of their testimony. Accordingly, Defendants have not
28 even come close to showing that transfer is appropriate. *See Prescott v. Bayer*

*HealthCare LLC*, No. 5:20-CV-00102 NC, 2020 WL 3505717, at *4 (N.D. Cal. June 29, 2020) ("To establish inconvenience, 'the moving party must name the witnesses, state their location, and explain their testimony and its relevance.'"); *Rodgers v. Stater Bros. Markets*, No. 16CV2614-MMA (MDD), 2017 WL 2268884, at *3 (S.D. Cal. May 24, 2017) (denying motion to transfer under § 1404 because "Defendant has not provided any witness affidavits or declarations, nor has Defendant named any witnesses, described their anticipated testimony, or provided any specific reasons why the present forum would be a hardship for them.")

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses" or "in the interest of justice." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The purpose of transfer under § 1404 is to "prevent the waste 'of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Nangle v. Penske Logistics, LLC*, No. 11CV807-CAB (BLM), 2012 WL 12996852, at *1 (S.D. Cal. Oct. 30, 2012) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

A defendant seeking transfer "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Although there is no definitive set of criteria for determining the appropriateness of § 1404(a) transfer, courts generally examine the following factors: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of

1  proof. *Jones*, 211 F.3d at 498–99.³

2  Here, Ambassador falls far short in making the "strong showing of inconvenience" needed to justify transfer. *Decker Coal Co.*, 805 F.2d at 843. Indeed, although Ambassador acknowledges in passing the various public and private interest factors bearing on the analysis, it fails to address the factors with more than a cursory conclusion, unsupported by facts. While Ambassador glosses over many of these public and private interest factors, perhaps because as they all weigh strongly against transfer, this Court should not.

        **1.**      **There is no evidence that the relevant agreements between Defendants and the California Plaintiffs were not negotiated in California.**

First, the "relevant agreements" between Plaintiff and the insurer, Gagliardi Insurance Services, Inc., here the insurance policies, were negotiated and executed in California. Defendant Dominic Gagliardi is a resident of California and his company, Gagliardi Insurance Services, Inc. has its principal place of business in California. Whether other relevant agreements such as the agreement between Gagliardi and Ambassador or White were negotiated in California is not known at this time. Defendants' discovery responses are factually devoid and/or non-responsive, and Mr. White's declaration provided in conjunction with Defendants' motion to dismiss improperly asserts only a conclusion of law on this point and should be disregarded:

> Any agreements executed or negotiated by Ambassador or me that **could be relevant** to the Plaintiff's claims were executed and negotiated in Louisville, Kentucky. Neither Ambassador nor I have negotiated or executed any agreements **which could be relevant** to the Plaintiff's claims in the state of California.

---

³ Section 1404(a) also requires that the case could have been originally filed in the district to which transfer is being requested. Plaintiffs do not dispute here that this case could have been filed in Kentucky.


1  White Decl. ¶ 17 (emphasis added). Accordingly, the Court should find in Plaintiff's
2  favor, or alternatively the Court should allow Plaintiff to conduct jurisdictional discovery
3  on this issue.

    **2.**  **California is most familiar with the predominant governing law.**

  The First Amended Complaint is limited to a proposed California class and a national class on whose behalf all but one of the causes of action arise solely from California law, making this Court the more appropriate forum for adjudication since "there is a presumption that the state under whose laws the claims are brought will be more familiar with the relevant law." *Arcona, Inc. v. Farmacy Beauty, LLC*, No. 217CV07058ODWJPR, 2018 WL 1441155, at *9 (C.D. Cal. Mar. 22, 2018); *see also Elite Apparel, LLC v. Dallas Cowboys*, No. 13-CV-1038 H (WVG), 2013 WL 12116606, at *4 (S.D. Cal. Nov. 5, 2013) ("Five of Plaintiff's six causes of actions are governed by California law. . . . A California district court is more familiar with California law than district courts in other states[.]"). The only federal claim Defendants' assertion that this factor is "neutral" is simply false.

    **3.**  **Plaintiff is from California and chose California as its forum.**

  Third, California is Plaintiffs' choice of forum and "[f]or purposes of a section 1404(a) analysis, the plaintiff's choice of forum always weighs against transfer." *Pierucci v. Homes.com Inc.*, No. CV-20-08048-PCT-DWL, 2020 WL 5439534, at *4 (D. Ariz. Sept. 10, 2020). And although that choice might be given slightly less deference because this matter is a putative class action (*see Alul v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2016 WL 7116934, at *2 (N.D. Cal. Dec. 7, 2016)), it is still relevant because "the named Plaintiffs, if they serve as class representatives, will bear a great deal of responsibility, while the other putative class members will not likely need to appear in this action." *Id.* at *2 (quotations and citations omitted). Further, a "plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen its 'home forum.'" *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078–79 (S.D. Cal. 2011) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). Here, Plaintiff is a resident of

California. *Bare* Complaint (ECF Doc. 1), ¶¶ 8-9, 16-17.

    **4.    The parties have contact with California because they set up, negotiated, and otherwise facilitated the provision of insurance covering California residents in California.**

Fourth, both Plaintiff and Defendants have contacts with this forum. As stated above, Plaintiff is a California resident and Defendant Ambassador and Gagliardi, with whom Ambassador allegedly created the scheme, does business nationwide, including in California. As such, Defendant must accept being hailed into any District without complaint. *See In re Ferrero Litigation*, 768 F. Supp. 2d at 1080 ("by choosing to market and sell [its product] nationwide . . . Defendant exposed itself to the risk of being sued in the districts in which its product is sold.").

    **5.    Litigating this case in Kentucky would create a burden for Plaintiff, a non-profit organization whose purpose is to provide sports activities for California youth.**

Defendants claim that "this factor weighs in favor of transferring the case to the Western District of Kentucky" relying solely on the convenience to Defendants, specifically that Defendants will not "need to hire local counsel, [and] will be able to more efficiently defend their interests in federal court." Defs. MTD (DE 41-1) at 17:13-16. Defendants further claim, without any showing that the claims in this action and the Kentucky case[4] would require the same proof, that litigating these cases will "promote efficiency by consolidating the sources of proof and legal services into one federal district." *Id.* at 17:16-18. However, Plaintiff has chosen California as its choice of forum and would be hard-pressed to litigate this case in a faraway venue such as Kentucky.

    **6.    Defendants have not shown that the availability of compulsory process to compel attendance of unwilling non-party witnesses and the ease of access to sources of proof warrant transfer.**

Without any factual support, defendants claim that the availability of witnesses is

---

[4] The Kentucky case revolves around violations of the Lanham Act.

neutral, yet claims that the ease of access to proof (which also includes witness testimony) supports transfer. Defendants' main argument is that it is more convenient to them if the action is litigation in Kentucky. That is not the standard. Defendants provide no declarations or affidavits, or even any description as to who these "potential witnesses" are or what the general substance of their testimony might be. That alone is grounds to deny the motion since if a motion to transfer is "for the convenience of witnesses, [a] defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." *See Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005); *Adoma*, 711 F. Supp. 2d at 1151 ("A party moving for transfer for the convenience of the witnesses must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include.").

Further, even assuming Defendants are correct that most of the relevant employees reside in those areas, that is still not helpful because the location of the moving party's employees is not the relevant test. *Wellens v. Daiichi Sankyo Co.*, No. C 13-00581 CW, 2013 WL 3242294, at *4 (N.D. Cal. June 25, 2013) (inconvenience to the parties' employees immaterial because the parties can compel them to testify); *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (same). Instead, the analysis turns on the convenience of third-party witnesses. *See, Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) ("the convenience of non-party witnesses is a more important factor than the convenience of party witnesses"). Here, Defendants only assert that litigation in this District might be inconvenient to them because they have to engage local counsel.

Similarly, Defendants' claim that third party witnesses could include employees of Defendants who cannot be compelled to travel to California to testify, is, quite simply, wrong. Defendants can certainly compel their own employees to testify here. *See HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999); *In re Ferrero*

*Litigation*, 768 F. Supp. 2d at 1080.

Elimination of these factors makes Defendants' argument for transfer rest entirely on their locations and the existence of the pending Kentucky action. That is not enough. While Defendants may be correct that the pendency of a related case in the transferee forum is a "consideration in determining whether the interests of justice dictate a transfer" (*Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013)), Defendants have not demonstrated that the Kentucky action is related, aside from having some of the same defendants. In this case, the Plaintiff is a wronged customer, an entity that was supposed to have insurance through the Defendants' scheme but ended up defrauded. In contrast, the Kentucky case involves insurance company plaintiffs, who have no part or involvement in this California action, who allege they were defrauded when Defendants issued counterfeit insurance policies bearing their names. Thus, the cases are not related such that the interests of justice favor transfer so that they can be tried in the same forum. That, combined with the fact that all the other factors weigh strongly against transfer, compels the conclusion that the request for transfer under § 1404 should be denied.

## V. CONCLUSION

For all of the above reasons, Defendants' motion to dismiss for lack of personal jurisdiction should be denied, and the Court should also deny Defendants' request to transfer venue to the Western District of Kentucky. If the Court is inclined to grant Defendants' motion, Plaintiff respectfully requests that the Court instead permit Plaintiff to complete its jurisdictional discovery and order further briefing thereafter.

Respectfully submitted,

Dated: June 14, 2021         By:      /s/ Marie N Appel
                                  Marie N. Appel

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
Michael F. Ram (SBN 104805)
mram@forthepeople.com

|    |                                                      |
|----|------------------------------------------------------|
| 1  | Marie N. Appel (SBN 187483)                          |
| 2  | mappel@forthepeople.com                              |
|    | 711 Van Ness Avenue, Suite 500                       |
| 3  | San Francisco, CA 94102                              |
|    | Telephone: (415) 358-6913                            |
| 4  | Facsimile: (415) 358-6923                            |
| 5  |                                                      |
| 6  | Ra O. Amen (*Pro Hac Vice*)                          |
|    | Ramen@forthepeople.com                               |
| 7  | 201 N. Franklin Street, 7th Floor                    |
|    | Tampa, Florida 33602                                 |
| 8  | Telephone: (813) 223-5505                            |
| 9  | Facsimile: (813) 223-5402                            |
| 10 | Gretchen M. Nelson (SBN 112566)                      |
|    | gnelson@nflawfirm.com                                |
| 11 | Gabriel S. Barenfeld (SBN 224146)                    |
| 12 | gbarenfeld@nflawfirm.com                             |
|    | NELSON & FRAENKEL LLP                                |
| 13 | 601 S. Figueroa Street., Suite 2050                  |
| 14 | Los Angeles, California, 90017                       |
|    | Telephone:  (213) 622-6469                           |
| 15 | Facsimile: (213) 622-6019 fax                        |

*Attorneys for Plaintiff and the Proposed Classes*