Case 8:21-cv-00199-JVS-DFM   Document 50   Filed 06/25/21   Page 1 of 11   Page ID #:454

Ian R. Feldman (State Bar No. 200308)
ifeldman@clausen.com
CLAUSEN MILLER P.C.
27285 Las Ramblas, Suite 200
Mission Viejo, CA  92691
Telephone (949) 260-3100 | Facsimile (949) 260-3190

Culver V. Halliday (Admitted *Pro Hac Vice*)
culver.halliday@skofirm.com
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky 40202
Telephone:(502) 333-6000 | Facsimile: (502) 333-6099

Attorneys for Defendants THE AMBASSADOR GROUP LLC and BRANDON M. WHITE

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DEL OBISPO YOUTH BASEBALL, INC. d/b/a DANA POINT YOUTH BASEBALL,<br><br>Plaintiffs,<br><br>vs.<br><br>THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS, et al.<br><br>Defendants. | Case No. 8:21-cv-00199<br><br>**REPLY IN SUPPORT OF DEFENDANTS' SECOND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER**<br><br>Date:      July 12, 2021<br>Time:     1:30 p.m.<br>Dept:     Courtroom 10C<br><br>Complaint Filed: January 28, 2021<br>Trial:             December 22, 2022 |

Defendants THE AMBASSADOR GROUP LLC and BRANDON M. WHITE hereby submit this Reply Memorandum in Support of their Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer, as follows:

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The response ("Plaintiff's Response Brief") of Plaintiff Del Obispo Youth Baseball, Inc., d/b/a Dana Point Youth Baseball ("Plaintiff"), in opposition to the motion of Defendants The Ambassador Group LLC ("Ambassador") and Brandon M. White ("White") to dismiss Plaintiff's complaint or to transfer the action to the United States District Court for the Western District of Kentucky ("Western District of Kentucky") has much to say about Plaintiff's allegations of a fraudulent scheme in which Ambassador and White were involved. Absent from Plaintiff's response, however, is any real discussion of facts showing the Court can exercise personal jurisdiction over Ambassador or White.

Ambassador and White have minimal contacts with California, and none of those contacts are related to Plaintiff's claims. Plaintiff bears the burden of making a *prima facie* showing of the facts supporting the Court's exercise of personal jurisdiction over Ambassador and White, and it has failed to do so. Therefore, the Court should not exercise personal jurisdiction over Ambassador or White. Furthermore, it is in the interest of justice to transfer venue to the Western District of Kentucky for the convenience of the parties, the third-party witnesses and the evidence.  Accordingly, the Court should dismiss the case for lack of personal jurisdiction or, in the alternative, transfer the case to the Western District of Kentucky.

## II.  ARGUMENT

### A.  Plaintiff Concedes That There Is No General Personal Jurisdiction Over Ambassador Or White

Plaintiff failed to respond to Ambassador and White's argument that there is no general personal jurisdiction over Ambassador or White. Therefore, Plaintiff has conceded there is no basis for the exercise of personal jurisdiction over Ambassador or White based on general personal jurisdiction.

**B.     Plaintiff Has Failed To Carry Its Burden To Show That There Is Specific Personal Jurisdiction Over Ambassador Or White**

The burden is on Plaintiff to show that the first two elements for the exercise of specific personal jurisdiction over Ambassador and White are satisfied. These elements are the following: (1) that the nonresident defendant purposefully directed its activities or consummated a transaction with the forum or performs some act by which the nonresident defendant purposefully availed itself of the privilege of conducting activities in the forum, invoking the benefits and protections of its law; and (2) the claim arises out of or results from the nonresident defendant's forum-related activities. Jine v. OTA Franchise Corp., Nos. SACV 20-00769JVS (KESx); SACV 20-00960JVS(KESx); SACV 20-01152JVS(KESx), 2020 U.S. Dist. LEXIS 247237, at *10 (C.D. Cal. Sept. 11, 2020). (Plaintiff's Response Brief at 3).

Plaintiff has failed to show that Ambassador or White have purposefully directed activities, consummated a transaction or purposefully availed themselves of the privilege of conducting activities in California sufficient to establish personal jurisdiction. Plaintiff argues that the Court should consider the fact that Ambassador is registered to do business and has a registered agent in California as a basis for specific personal jurisdiction. Plaintiff, citing to cases for the proposition, states that courts "routinely take this into account when making jurisdictional determinations." (Plaintiff's Response Brief at 5). What Plaintiff fails to say, however, is that both of the cases it cites were analyzing whether the courts had general personal jurisdiction over the defendant, not specific personal jurisdiction. Here, Plaintiff has effectively conceded that there is no general personal jurisdiction over Ambassador or White, discussing only specific personal jurisdiction, so Plaintiff's arguments related to Ambassador having a registered agent are inapposite.

Moreover, most federal courts within the Ninth Circuit give very little weight to a defendant having a registered agent in a state, even under a general jurisdiction analysis. See, e.g., Freestream Aircraft (Berm.) Ltd. v. Aeor Law Group, 905 F.3d 597,

609 (9th Cir. 2018); In re Nexus 6P Prods. Liab. Litig., No. 17-cv-02185-BLF, 2018 U.S. Dist. LEXIS 23622, at *8 (N.D. Cal. Feb. 12, 2018); L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC, No. CV 16-9325-RSWL-KSx, 2017 U.S. Dist. LEXIS 64115, at *13 (C.D. Cal. Apr. 27, 2017).

In fact, the only real allegation made by Plaintiff that Ambassador or White has directed activity to California is that White admitted in his declaration that he provided consulting services to "Gagliardi" for three years. (Plaintiff's Response Brief at 5). However, Plaintiff's use of the name "Gagliardi" is misleading. White's declaration defined "Gagliardi" to mean Gagliardi Insurance Services, Inc. (White Declaration ¶7). Gagliardi Insurance Services, Inc. is, according to the California Secretary of State's office, a Pennsylvania corporation with its principal place of business in Pennsylvania. Thus, White or Ambassador providing consulting services to Gagliardi Insurance Services, Inc., is not evidence of contacts by Ambassador or White with California and undermines Plaintiff's entire argument regarding whether the first element of specific personal jurisdiction is satisfied.

Plaintiff also failed to carry its burden of showing the second element for the exercise of specific personal jurisdiction, that its claims arise out of or relate to Ambassador or White's activities in California, is satisfied. Plaintiff's argument is that "the harm to Plaintiff arises from [Ambassador's] actions in directing counterfeit insurance policies to customers, including those in California," and, while "White contends that he did not have physical contact with Gagliardi in California – he admits that he consulted with, negotiated, and executed contracts with Gagliardi during the time period that were relevant to the California claims." (Plaintiff's Response Brief at 5-6). Again, Plaintiff, by using the term "Gagliardi" without defining it, is misleading the Court. As set forth above, White averred in his declaration that he consulted with Gagliardi Insurance Services, Inc. – a Pennsylvania corporation with its principal office located in Pennsylvania. (White Declaration ¶¶7, 15.) White is not discussing

Defendant Dominic Gagliardi, who Plaintiff alleges is a current resident of California.[1] The fact that Ambassador did business with a Pennsylvania corporation does not establish any contact with California. Therefore, Plaintiff's argument that its claims arise out of or relate to Ambassador's contacts with California fails, as Plaintiff has not shown that Ambassador had any such contacts with California, let alone that its claims arose out of or related to such non-existent contacts.

Plaintiff also alleges that Ambassador had contacts with California that "are integral and essential parts of the alleged fraudulent scheme on which [plaintiffs] base[] [their] suit." (Plaintiff's Response Brief at 7 (quoting Low v. SDI Vendome S.A., No. CV 02-5983, 2003 WL 25678880, at * 12 (9th Cir. 2002)). However, in both that case and Novian & Novian, LLP v. Wireless Xcessories Grp., Inc., No. 2:20-CV-11715-CAS-Ex, 2021 U.S. Dist. LEXIS 77888 (C.D. Cal. April 19, 2021), cited by Plaintiff, the defendant intentionally made contact with or directed its behavior at the California plaintiff. Here, however, Plaintiff has not alleged that it spoke with, received emails from or received documents from Ambassador, because it did not. Plaintiff attempts to get around this by pointing to Ambassador's work with Gagliardi Insurance Services, Inc., which is not located in California, and its statement that "Gagliardi" offered for sale and sold fraudulent insurance policies. (Plaintiff's Response Brief at 7). However, what contacts Gagliardi – Dominic Gagliardi or Gagliardi Insurance Services, Inc. – had with California is irrelevant to what contacts Ambassador and White have. As stated above and as shown by Plaintiff's failure to allege any such facts, Ambassador has no contacts with California related to any alleged fraudulent scheme.

---

[1] Plaintiff did not name Dominic Gagliardi as a defendant in its original complaint. It seems obvious that Plaintiff added Dominic Gagliardi as a defendant in its first amended complaint solely in an effort to support the argument that Ambassador did business with a California resident. However, Ambassador's business dealings were with Gagliardi Insurance Company, Inc., in Pennsylvania, not Dominic Gagliardi.

Finally, Ambassador, in its motion, fulfilled its obligation to show that personal jurisdiction in this instance would be unreasonable even if the Court was to find that Plaintiff met its burden on the first two elements for specific personal jurisdiction. Ambassador's motion went through the seven factors to determine whether the exercise of personal jurisdiction would be reasonable in detail in pages 10 through 12 of its original brief. Plaintiff responded on each of these factors. While Ambassador stands on its analysis in its brief, there are a few arguments that Plaintiff made about these seven factors to which Ambassador is compelled to respond.

For the first factor, "the extent of the defendants' purposeful interjection into the forum state's affairs," Plaintiff argues that "Defendants have purposefully availed themselves of the privilege of conducting business activities in California." (Plaintiff's Brief at 7). However, there is no discussion here about what business activities that Ambassador is alleged to have conducted in California. Elsewhere in the brief, Plaintiff discusses Ambassador's consulting work for "Gagliardi," but, as stated previously, this refers to Gagliardi Insurance Services, Inc., a Pennsylvania corporation with its principal place of business located in Pennsylvania. As there are no contacts with California other than Ambassador being registered to do business and having a registered agent, and no contacts by White, the first factor weighs in favor of jurisdiction in California being unreasonable.

With respect to the fifth factor, Plaintiff states that its allegation that "the claims involve counterfeited insurance policies purchased by Plaintiff and other class members in California" means that the witnesses and evidence will be located in California. However, Plaintiff's complaint is not limited to class members in California. If the facts are as stated by Plaintiff, which Ambassador denies, there would also be class members in other states, including Kentucky. Since Ambassador is domiciled in Kentucky and its employees are there, Kentucky would have more witnesses and evidence than any

5

MEMORANDUM OF POINTS AND AUTHORITIES
8:21-CV-00199

other state[2] - including California. This factor also weighs in favor of the unreasonableness of this Court exercising personal jurisdiction.

Even if the Court were to find that Plaintiff met its burden on the first two elements for specific personal jurisdiction, which it has not, Ambassador has met its burden to present a compelling case that the Court's exercise of jurisdiction over Ambassador would be unreasonable. Therefore, the Court must dismiss the action or transfer it to the Western District of Kentucky.

### C. The Court Should Transfer The Action To The Western District Of Kentucky

If the Court finds that it has personal jurisdiction over Ambassador and White, the Court should transfer this case to the Western District of Kentucky pursuant to 28 U.S.C. §1404 in the interest of justice and for the convenience and fairness of the parties and witnesses. In their memorandum in support of their motion to dismiss, Ambassador and White go through the eight factors and how they weigh in favor of transferring the case to the Western District of Kentucky. Plaintiff's arguments do not compel a different result.

With respect to the first factor, the location where relevant agreements were negotiated and executed, Plaintiff argues that White's statement in his declaration that neither Ambassador nor he executed or negotiated any agreements that are relevant to Plaintiff's claims is a "conclusion of law" and "should be disregarded." (Plaintiff's Response Brief at 11). Plaintiff then, however, argues that "the 'relevant agreements' between Plaintiff and the insurer, Gagliardi Insurance Services, Inc., here the insurance policies, were negotiated and executed in California." (Id.). If White's statement must be disregarded, so too must Plaintiff's.

---

[2]   It should also be mentioned that the attorneys for Plaintiff, the law firm of Morgan & Morgan, have seven offices in Kentucky, including one in Louisville, Kentucky where another case against Ambassador is being litigated in the Western District of Kentucky.

1  For the second factor, the state that is most familiar with the governing law, Plaintiff also argues that its complaint is limited to a proposed California class and a national class whose claims will arise under California law, such that California is the most familiar with the governing law. (Plaintiff's Response Brief at 12). While this statement is confusing, it should be sufficient to note that Plaintiff has asked for certification of a nationwide class, and application of California law will not be appropriate for all such class members.

With respect to the fourth factor, the respective parties' contacts with the forum, Plaintiff alleges that Ambassador has contacts with California and "allegedly created the scheme" in California. (Plaintiff's Response Brief at 13). However, as shown above, Ambassador has no contacts with California, other than being registered to do business there. Thus, Ambassador does not have to "accept being hailed into any District without complaint." (Id.).

With regard to the seventh and eighth factors, the availability of compulsory process to compel attendance of unwilling non-party witnesses and the ease of access to sources of proof, Plaintiff argues that California is the proper venue because it is more convenient to Plaintiff and third-party witnesses. However, in addition to its employees being located in Kentucky, other third-party witnesses, such as State National Insurance Company, are already parties to the action being litigated in the Western District of Kentucky, and it will be easier to compel them to testify in Kentucky rather than in California.

Plaintiff also argues that "[Ambassador]'s claim that third party witnesses could include employees of [Ambassador] who cannot be compelled to travel to California to testify, is quite simply, wrong." (Plaintiff's Response Brief at 14). Plaintiff has missed the point with this straw man argument. First, Ambassador clearly was not referring to its own employees because they all fall within range of the Western District of Kentucky's subpoena power. If Ambassador was referring to its own employees, therefore, this factor would not be neutral, but rather would weigh in favor of transfer.

7

MEMORANDUM OF POINTS AND AUTHORITIES
8:21-CV-00199

Moreover, in its motion to dismiss, Ambassador and White do not contend that employers lack power to compel their employees to travel and testify. What Ambassador and White contend is that a federal district court's subpoena power to compel the attendance of out-of-state witnesses for a trial, hearing, or deposition only extends 100 miles from where the employee resides, is employed, or regularly transacts business in person, pursuant to Fed. R. Civ. P. 45(c)(1)(A). (Ambassador's Second Motion to Dismiss at 17). Ambassador and White have not taken a position on whether an employer can compel its employee to travel and testify if it wants to do so. The more important question is whether such employer will voluntarily compel its employee to travel and present potentially harmful testimony when they are situated outside the range of the Court's subpoena power. An employer would likely, and justifiably, be hesitant to do so.

For example, the only entity that Plaintiff claims it bought allegedly fraudulent insurance policies from is Gagliardi Insurance Services, Inc. It is not a party to this action. As it is a Pennsylvania corporation, the employees of Gagliardi Insurance Services, Inc., are likely out of range of both the Court and the Western District of Kentucky's subpoena power. Gagliardi Insurance Services, Inc., may be hesitant to voluntarily compel its employees to travel across country to testify in this action, especially in light of the implications negative testimony could have on Gagliardi Insurance Services, Inc.'s bankruptcy case. For the reasons stated in the memorandum tendered with Ambassador and White's motion to dismiss, and discussed further here, this factor remains neutral.

### III. **CONCLUSION**

The action as to Ambassador and White should either be dismissed for lack of personal jurisdiction, or the action should be transferred. Ambassador and White have not had continuous and systematic contacts with California sufficient to render them at home in the forum. Ambassador and White have had no contacts with California related to the claims alleged by Plaintiff. Moreover, even if the requisite contacts were present,

it would be unreasonable for the Court to exercise jurisdiction over Ambassador and White. Accordingly, even if the Court finds it has personal jurisdiction over Ambassador and White, it should transfer the action to the United States District Court for the Western District of Kentucky, the forum that is the "center of gravity."

DATED: June 25, 2021     CLAUSEN MILLER P.C.

BY: */s/Ian R. Feldman*
    Ian R. Feldman

Attorneys for Defendants
THE AMBASSADOR GROUP LLC AND
BRANDON M. WHITE

DATED: June 25, 2021     STOLL KEENON OGDEN PLLC

By: */s/Culver V. Halliday*
    Culver V. Halliday

Attorneys for Defendants
THE AMBASSADOR GROUP LLC AND
BRANDON M. WHITE

7458320.1

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 17901 Von Karman Avenue, Suite 650, Irvine, California 92614.

On June 25, 2021, I served the document(s) described below on all interested parties, as follows:

**REPLY IN SUPPORT OF DEFENDANTS' SECOND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER**

**[X] BY CM/ECF:** I caused such document(s) to be served electronically pursuant to the U.S. District Court's Electronic Case Filing Program to be delivered electronically to those parties who have registered to become an E-Filer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Certificate of Service was executed by me on June 25, 2021 in Irvine, California.

*/s/Barbara M. Dorsey*
Barbara M. Dorsey

7170846.1