UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00199-JVS-DFMx | Date | June 29, 2021 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al | | |

Present: The Honorable     **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                               Not Present

**Proceedings:     [IN CHAMBERS] Order Regarding Defendants' Motion to Dismiss**

Defendants The Ambassador Group, LLC ("Ambassador") and Brandon M. White ("White") (collectively, the "Defendants") moved to dismiss Del Obispo Youth Baseball, Inc.'s ("Obispo Baseball") first amended complaint. Dkt. No. 41. Obispo Baseball opposed the motion. Dkt. No. 48. Ambassador and White then replied. Dkt. No. 50.

For the following reasons, the Court **DENIES** the motion. The hearing noticed for July 12, 2021 is ordered VACATED.

I. BACKGROUND

1.     **Factual Background**

The below background is drawn from Obispo Baseball's FAC, Dkt. No. 34. Obispo Baseball brought the class action against Defendants "for their involvement in a scheme to defraud . . . by selling counterfeited and nonexistent insurance policies. . ." Id. ¶ 1. Obispo Baseball is a California company with its principal place of business in Dana Point, California. Id. ¶ 7. Obispo Baseball is a member of a larger national youth baseball group. Id. ¶¶ 14-16. Ambassador is a Kentucky limited liability company, registered to do business in California, with its principal place of business in Louisville, Kentucky. Id. ¶ 8. Also named are Performance Insurance Company SPC ("Performance"), Goldenstar Specialty Insurance, LLC ("Goldenstar"), and Dominic Cyril Gagliardi ("Gagliardi").

Obispo Baseball purchased insurance from Gagliardi Insurance Services, Inc., an insurance broker. Id. ¶ 19. It alleges that Defendants Ambassador and White are "part of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00199-JVS-DFMx  Date  June 29, 2021

Title  Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al

a nationwide, association in fact enterprise that has existed and operated for at least the last ten years" with the purposes and actions of misappropriating "premium dollars from youth sports teams, leagues, and athletes . . .." Id. ¶ 17. Hundreds and thousands of sports teams have been defrauded. Id. ¶ 18.

The specific type of fraud involved captive reinsurance. Id. ¶ 28. In these relationships, "a broker (who is not licensed to issue insurance policies) uses several intermediaries to form an indirect relationship with an insurance company," in which the broker can indirectly issue policies to customers, assume some of the risks, and retain additional benefits. Id. ¶ 29. More specifically, the broker "forms and owns a captive reinsurance company" which is "ultimately responsible for paying some or all of the losses on policies sold by" the broker. Id. ¶ 30. The captive reinsurance company receives a fee or commission payment and provides collateral to the insurance carrier. Id. ¶ 33. Sometimes, a captive intermediary also facilitates the transaction, in which the intermediary assists the broker in development the actuarial business plan, forming the captive, and identifying an issuing carrier. Id. ¶ 36.

Ambassador is a captive intermediary, and White directly or indirectly owns at least part of Ambassador. Id. ¶ 36-38. White also formed Goldenstar, which served as the captive reinsurance company here and for which Ambassador was a captive consultant. Id. ¶¶ 39-43. Goldenstar sold insurance policies, and through that entity, so did Ambassador and White. Id. ¶¶ 44-46. Ambassador and White also forged various documents with certain issuing carriers. Id. ¶¶ 46-47. Ambassador and White were "aware of the details of the Counterfeited Policies, including that they would be and, in fact, were issued to residents of numerous states, including those of California." Id. ¶ 51. As part of this scheme to defraud, Defendants never remitted any premium payments paid to them to any issuing carrier. Id. ¶ 52.

Upon information and belief, and directly related to Obispo Baseball's injuries, Goldenstar also provided administrative services to Gagliardi Insurance. Id. ¶ 53. Gagliardi then "purposefully associated" itself with sports leagues, advertising his insurance products on the national league websites. Id. ¶¶ 55-56. Gagliardi also made a number of misrepresentations to Obispo Baseball concerning the counterfeited policies. Id. ¶¶ 59-60. Obispo Baseball contends that Ambassador and White actively participated and encouraged Gagliardi's misrepresentations and omissions. Id. ¶¶ 61-67.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00199-JVS-DFMx | Date | June 29, 2021 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al | | |

Obispo Baseball discovered the fraud on October 27, 2020. Id. ¶ 68. Even then, Gagliardi continued to use the insurer's (State National Insurance Company) marks. Id. ¶ 69-70. State National filed suit against Gagliardi, and in response to the suit, Ambassador and White stated they were willing to take "100% of the total liability of all claims into the insurance program." Id. ¶ 74.

**2.    Procedural Background**

The FAC alleges the following four causes of action:

1. Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961) against all Defendants
2. Conversion against all Defendants
3. Unjust Enrichment against all Defendants
4. Unfair Competition pursuant to Californian Business & Professions Code § 17200 against all Defendants

See generally, FAC.

## II. LEGAL STANDARD

Personal jurisdiction refers to a court's power to render a valid and enforceable judgment against a particular defendant. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); Pennoyer v. Neff, 95 U.S. 714, 720 (1877), overruled in part by Shaffer v. Heitner, 433 U.S. 186, 206 (1977). The contours of that power are shaped, in large part, by the Due Process Clause of the Fourteenth Amendment, which requires sufficient "contacts, ties, or relations" between the defendant and the forum state before "mak[ing] binding a judgment in personam against an individual or corporate defendant." Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Due Process requires that "there exist 'minimum contacts' between the defendant and the forum" in order to protect the defendant "against the burdens of litigating in a distant or inconvenient" court and lend "a degree of predictability to the legal system." World-Wide Volkswagen, 444 U.S. at 291, 292, 297.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00199-JVS-DFMx | Date | June 29, 2021 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al | | |

Jurisdiction must also comport with law of the forum state. See Fed. R. Civ. P. 4(k)(1)(A); Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc). Because California's long-arm statute allows the exercise of jurisdiction on any basis consistent with the state and federal constitutions, the jurisdictional analyses of state law and federal due process are the same. Cal. Code. Civ. Proc. § 410.10; see also Yahoo!, 433 F.3d at 1205.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff's allegations of jurisdictional facts must also be supported by competent proof. Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010). In the absence of an evidentiary hearing, "[h]owever, this demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)). To make the requisite showing, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks and citation omitted). In evaluating the plaintiff's showing, all uncontroverted allegations in the complaint are taken as true and all disputed facts are resolved in plaintiff's favor. Id.; Schwarzenegger, 374 F.3d at 800.

### III. Discussion

**A.     Personal Jurisdiction**

*I.     General Personal Jurisdiction*

"For general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in 'continuous and systematic general business contacts' that 'approximate physical presence' in the forum state." Schwarzenegger, 374 F.3d at 801 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984) and Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)). "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes," a forum may not exercise general jurisdiction. Yahoo!, 433 F.3d at 1205.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00199-JVS-DFMx | Date | June 29, 2021 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al | | |

A nonresident defendant's "continuous activity of some sorts within a state," however, is not enough by itself to support exercise of general jurisdiction. Goodyear, 564 U.S. at 927. "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes," a forum may not exercise general jurisdiction. Yahoo!, 433 F.3d at 1205. Where general jurisdiction exists, the Court has jurisdiction over the defendant for all purposes, even in cases where the claims arise from dealings unrelated to those that establish jurisdiction. Daimler, 134 S. Ct. at 754.

Ambassador and White argue that the Court lacks personal jurisdiction over them because Obispo Baseball cannot demonstrate that they have continuous and systematic contacts in California. Dkt. No. 41 at 5. Neither Ambassador nor White is at home in the state because, at least for White, he is domiciled in Kentucky, employed there, does not own any real or personal property in California, and has not traveled there in eight years. Id. (citing White Decl. ¶¶ 3, 4, 7, 8). Ambassador is not at home in the state because it is only registered to do business here, has a registered agent in the state for service of process, does not maintain any offices in the state, employ California residents, or provide services to California clients. Id. at 5-6 (citing White Decl. ¶¶ 10, 18). Obispo Baseball does not respond to this argument, Dkt. No. 48, which Ambassador and White assert means that it concedes the same, Dkt. No. 50.

The Court agrees with Ambassador and White.

As to Ambassador, the Court finds that it is not "at home" in California. See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). This test is inherently comparative, and requires that the Court compare Ambassador's business activities within the state to those in other forms. Id. Here, it is quite clear that Ambassador is not 'at home' in California, given that it does not maintain offices here, employ California residents, or provide services to California clients. Similarly, White is not 'at home' in California either. The mere fact that a corporation is subject to general jurisdiction does not mean that its non-resident officers and directors are subject to jurisdiction as well. Davis v. Metro Productions, 885 F.2d 515, 520 (9th Cir. 1989).

Therefore, the Court finds that it does not have general personal jurisdiction over Ambassador or White.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00199-JVS-DFMx | Date | June 29, 2021 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al | | |

  *ii.*  *Specific Personal Jurisdiction*

  A defendant is subject to specific jurisdiction "if the controversy [is] sufficiently related to or arose out of [the defendant's] contacts with the forum state." Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). The Court of Appeals for the Ninth Circuit employs a three-part test to determine whether a court possesses specific jurisdiction over a particular defendant: (1) the defendant must have "performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum"; (2) the claim must "arise[] out of or result[] from the defendant's forum-related activities"; and (3) the exercise of jurisdiction must be reasonable. Pebble Beach, 453 F.3d at 1155.

  The plaintiff bears the burden on the first two prongs. Schwarzenegger, 374 F.3d at 802. If the plaintiff fails to satisfy either prong, "jurisdiction in the forum would deprive the defendant of due process of law." See Omeluk, 52 F.3d at 270. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-78 (1985)).

  Ambassador and White contend that the Court also lacks specific personal jurisdiction over them. Dkt. No. 41-1 at 7. Here, because the FAC alleges only one contact between Defendants and California, i.e., that Ambassador was registered to business there (FAC ¶ 8), there are no intentional contacts that would sufficient establish specific personal jurisdiction. Id. at 9. Moreover, Ambassador and White's alleged contacts are not the "but for" cause of Obispo Baseball's claims. Id. at 10. Rather, the cause of injury stems from their interactions with Gagliardi, and Defendants had zero contacts with Gagliardi in California. Id. at 10 (citing White Decl. ¶ 16). Given Obispo Baseball's inability to establish the first two prongs, the Court lacks specific personal jurisdiction over Ambassador and White. Id. Nonetheless, other factors also demonstrate that exercising personal jurisdiction would also be unreasonable. Id. at 11-12. Ambassador and White raise similar arguments on reply, reasserting, for example, that merely because they may be registered to do business in the state does not mean they are subject to specific jurisdiction here. Dkt. No. 50 at 2-3. Moreover, the mere assertion that White and Ambassador may have contracted with another company, i.e., Gagliardi, is not evidence of purposeful availment. Id. at 4. The claims are otherwise not related to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00199-JVS-DFMx | Date | June 29, 2021 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al | | |

these (extremely) minimal contacts, Ambassador and White argue, any exercise of personal jurisdiction would be unreasonable. Id. at 4-6.

In response, Obispo Baseball argues that the Ambassador and White are subject to specific jurisdiction because they purposefully availed themselves of doing business in the state. Dkt. No. 48 at 4. First, Ambassador and White are registered to do business in the state and have a registered agent located here as well, and, as alleged in the complaint, they "were aware of the details of the counterfeit policies and directed the counterfeited policies at issue to consumers . . .." Id. at 5 (citing FAC ¶¶ 39-43, 48, 50-51, 54). Obispo Baseball also notes that other defendants are California residents, and that at least White provided consulting services to those residents. Id. at 5-6. Second, Obispo Baseball's claims arise out of these activities, i.e., their directing of counterfeit insurance policies to customers. Id. at 6-7. Third, exercising personal jurisdiction is not unreasonable here, given that they purposefully availed themselves of conducting business in the state. Id. at 7-8.

The Court agrees with Obispo Baseball.

First, it is sufficient that the defendants here are "alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (citation omitted). The Amended Complaint here alleges that they "sold insurance policies under supposed captive reinsurance programs to [Obispo Baseball]" despite that no actual insurance policies were issued, and that Ambassador and White otherwise "forged or caused the forgery of the Counterfeited Policies." FAC ¶¶ 44-45. While merely registering to do business in the state may not be sufficient to establish specific jurisdiction, the effects of Ambassador and White's wrongful conduct, as alleged in the Amended Complaint, reach into the state. Moreover, while Ambassador and White do not directly sell insurance, they have at least some relationship, as alleged in the FAC, with a company that does, and play a supporting role to that company as well. Compare ABC Servs. Grp., Inc. v. Health Net of California, Inc., No. SA CV 19-00243-DOC-DFM, 2020 WL 2121372, at *10 (C.D. Cal. May 4, 2020) (having "no difficulty" finding defendants subject to personal jurisdiction where they "contracted to sell insurance policies to California patients, who then sought treatment and reimbursement at a California facility," and defendants "authorized that California facility to provide treatment.") with White Decl ¶ 14 ("Ambassador is not engaged in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00199-JVS-DFMx | Date | June 29, 2021 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al | | |

business of insurance. Ambassador is not an insurance company and does not underwrite risk, nor does it sell or issue insurance policies or certificates to insureds.").

Second, the Court likewise agrees that the causes of action for violating the Racketeer Influenced and Corrupt Organizations Act, Conversion, Unjust Enrichment, Unfair Competition, and Negligence, id. ¶¶ 92-122, arise out of these actions, and that "but for" these actions, Obispo Baseball would not have needed to file suit. See Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir.1995) (Ninth Circuit applies a "but for" test to determine whether the cause of action arises out of the defendant's forum-related conduct).

Third, the Court also finds that exercising personal jurisdiction over Ambassador and White to be reasonable. As a basis for claiming that it would be unreasonable to exercise personal jurisdiction over them, Ambassador and White cite to their domicile in Kentucky, Kentucky's interest in regulating the conduct of its citizens and companies organized under its laws, California's similar minimal interest in adjudicating the dispute, and judicial economy-related concerns. See Dkt. No. 41-1 at 9-12.

However, their contacts with California are sufficient to weigh in favor of the exercise of personal jurisdiction. Core–Vent Corp v. Nobel Indus. AB, 11 F.3d 1482, 1488 (9th Cir. 1993). Moreover, their burden, i.e., having to travel from Kentucky to California, likewise does not create an undue burden. See e.g. Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998) (noting that in the "era of fax machines and discount air travel," requiring a defendant to litigate out of state is not constitutionally unreasonable). As to Kentucky's sovereign interests, Obispo Baseball alleges violations of California law, which would inherently implicate California's (and not Kentucky's) interests. See generally FAC; see also Panavision, 141 F.3d at 1323. Further, "California maintains a strong interest in providing an effective means of redress for its residents tortiously injured." Gordy v. Daily News, L.P., 95 F.3d 829, 836 (9th Cir. 1996) (citing Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1200 (9th Cir. 1988)). These interests would support maintaining the action here. As to judicial economy, while Ambassador and White may already be litigating in Kentucky, the Court does not find that transfer would be more efficient. The parties have already rehashed some issues here, and they do not contend that the case would be assigned to the same judge or merged with the already proceeding case either. Finally, as to plaintiff's convenience and the effective relief it may get, the Court finds this factor to be neutral. In summary,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-00199-JVS-DFMx | Date | June 29, 2021 |
|---|---|---|---|
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al | | |

therefore, the Court finds exercising personal jurisdiction over Ambassador and White to be reasonable.

Therefore, the Court finds that it may exercise personal jurisdiction over Ambassador and White, and **DENIES** their motion to dismiss accordingly.

**B.     Transfer**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) provides for transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645–46 (1964). The district court has discretion to transfer based on an "individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted) (citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). In exercising its discretion, the court may consider various factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones, 211 F.3d at 498–99.

Ambassador and White argue that transfer to the Western District of Kentucky is appropriate because venue is proper there because a substantial part of the events occurred there, and convenience and fairness counsels in favor of transfer. Dkt. No. 41-1 at 15-18. In response, Obispo Baseball argues that Ambassador and White failed to sufficiently demonstrate that transfer is appropriate. See Dkt. No. 48. Ambassador and White reassert that transfer is appropriate on reply, going through the above factors. Dkt. No. 50 at 6-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00199-JVS-DFMx | Date | June 29, 2021 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC et al | | |

The Court finds the first element, where the relevant agreements were negotiated, to be neutral. Both parties cite to relevant agreements that were executed both in California and Kentucky. Compare Dkt. No. 48 at 11 with Dkt. No. 41-1 at 15. As to the second factor, the Court agrees with Obispo Baseball that California is most familiar with the predominant governing law, given that the FAC alleges violations of California law (for example, the Cal. Bus. & Prof. Code § 17200). The Court finds the third factor to be neutral, given that the matter is a class action. However, because the action is currently (and potentially) a class action with both a nationwide and California class, it is likely that this unique subset could support maintaining the action here. The fourth factor, the parties' contacts with the forum, as discussed above, supports maintaining the action here. The fifth factor also counsels in favor of maintaining the action in California, given the allegations that they perpetrated a fraud aimed, in part, at residents in the state. Finally, the sixth, seventh, and eighth factors are neutral, either because each party demonstrates competing interests (i.e., the burden relate to the cost of litigating in one of the forums, see Dkt. Nos. 48 at 13 and 41-1 at 17), or that neither party presented sufficient evidence concerning the availability of witnesses, compulsory or otherwise, or the ease of access to evidence.

Therefore, the Court **DENIES** Ambassador and White's motion to transfer.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

| | | : | 0 |
|---|---|---|---|
| | Initials of Preparer | lmb | |