Ryan M. Penhallegon, Esq. (SBN 234787)
rpenhallegon@structurelaw.com
Cody A. Brittain, Esq. (SBN 337676)
cbrittain@structurelaw.com
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendant
DOMINIC CYRIL GAGLIARDI

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| DEL OBISPO YOUTH BASEBALL, INC. d/b/a DANA POINT YOUTH BASEBALL, individually and on behalf of all other similarly situated individuals and entities,<br><br>Plaintiff,<br><br>v.<br><br>THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS; PERFORMANCE INSURANCE COMPANY SPC; BRANDON WHITE; GOLDENSTAR SPECIALITY INSURANCE, LLC; DOMINIC CYRIL GAGLIARDI; MARCO SOLOMON GAGLIARDI; and DOES 1 through 50,<br><br>Defendants. | CASE NO. 8:21-CV-00199-JVS-DFM<br><br>**DOMINIC CYRIL GAGLIARDI'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Complaint Filed:   January 28, 2021<br>Trial Date:          December 6, 2022 |

Defendant DOMINIC CYRIL GAGLIARDI ("Defendant" or "D. Gagliardi"), hereby responds to Plaintiff DEL OBISPO YOUTH BASEBALL, INC. d/b/a DANA POINT YOUTH BASEBALL'S ("Plaintiff") Second Amended Class Action Complaint ("SAC") as follows:

**PRELIMINARY STATEMENT**

A.  Defendant D. Gagliardi does not belong in this case. Mr. D. Gagliardi was not the President or an officer of Gagliardi Insurance Services, Inc. during the period at issue and Mr.

1. Gagliardi was not aware of, did not participate in, and did not profit from any of the matters alleged in the SAC in which Gagliardi Insurance Services, Inc. was alleged to have been involved. As it stands, Plaintiff alleges that Gagliardi Insurance Services, Inc. was paid a grand total of approximately $8,000 as an insurance premium in the most recent policy period (2020) for what Plaintiff alleges was a non-existent insurance policy. Plaintiff does not allege that any claim has been made against this or any other alleged non-existent insurance policy issued by Gagliardi Insurance Services, Inc. In short, Mr. D. Gagliardi was not responsible for Gagliardi Insurance Services, Inc.'s operations during the period in question and has and continues to be personally harmed by the alleged actions of the third parties alleged in the SAC.

B. Except as otherwise expressly stated herein, D. Gagliardi expressly denies each and every allegation contained in the SAC, including without limitation any allegations contained in the paragraphs, subparagraphs, headings, subheadings, footnotes, and exhibits of the SAC, and specifically denies any and all liability. To the extent that the titles, headings, subheadings, paragraphs, and footnotes of the SAC are intended to be allegations directed to D. Gagliardi, they are, unless otherwise admitted, denied.

C. D. Gagliardi reserves the right to seek to amend and supplement his Answer as may be appropriate or necessary.

## NATURE OF ACTION

1. The allegations in Paragraphs "1" and "2" state arguments and conclusions of law to which no response is required. However, to the extent a response is required, D. Gagliardi denies the allegations in Paragraphs "1" and "2" and refers all questions of law to the Court for determination.

## JURISDICTION & VENUE

2. The allegations in Paragraphs "3", "4", "5", and "6" state arguments and conclusions of law to which no response is required. However, to the extent a response is required, D. Gagliardi denies all allegations in Paragraphs "3" and "4" except that subject matter jurisdiction exists as to the First Claim for Relief pursuant to 28 U.S.C. § 1331 and that the additional claims arising under state law form part of the same case or controversy pursuant to

28 U.S.C. § 1367. D. Gagliardi denies the allegations in Paragraphs "5" and "6" except admits that he resides in California, and refers all questions of law to the Court for determination.

## PARTIES

3.   The allegations in Paragraphs "7", "8", "9", "10", "11", and "13" relate to parties other than D. Gagliardi is not required to respond. However, to the extent a response is required, D. Gagliardi denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "7", "8", "9", "10", "11", and "13".

4.   D. Gagliardi admits the allegations in Paragraph "12".

## BACKGROUND FACTS

5.   The allegations in Paragraphs "14", "15", "16", and "17" relate to parties other than D. Gagliardi is not required to respond. However, to the extent a response is required, D. Gagliardi denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "14", "15", "16", and "17".

6.   D. Gagliardi denies the allegations in Paragraphs "18", "19", "20", "21", "26", "27", and "28" and refers all questions of law to the Court for determination.

7.   D. Gagliardi denies the allegations contained in Paragraphs "22", "25", and "29".

8.   The allegations in Paragraph "23" relate to parties other than D. Gagliardi, and D. Gagliardi is not required to respond. However, to the extent a response is required, D. Gagliardi denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "23".

9.   The allegations in Paragraph "24" relate in part to parties other than D. Gagliardi, and D. Gagliardi is not required to respond. However, to the extent a response is required, D. Gagliardi denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "24" to the extent directed at other parties, and D. Gagliardi denies each allegation contained within Paragraph "24" to the extent directed at him.

10.   The allegations in Paragraphs "30", "31", "32", "33", "34", "35", "36", "37", and "38" state arguments and conclusions of law to which no response is required. However, to the extent a response is required, D. Gagliardi denies knowledge or information sufficient to form a

1  belief as to the truth of the allegations in Paragraphs "30", "31", "32", "33", "34", "35", "36", "37", and "38" and refers all questions of law to the Court for determination.

11. The allegations in Paragraphs "39", "40", "41", "42", "43", "44", and "45" relate to parties other than D. Gagliardi and do not require D. Gagliardi's response. However, to the extent a response is required, D. Gagliardi denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "39", "40", "41", "42", "43", "44", and "45".

12. D. Gagliardi denies the allegations in Paragraphs "46", "49", and "54" and refers all questions of law to the Court for determination.

13. The allegations in Paragraphs "47", "48", "50", "51", "52", "53", "55", and "56" relate to parties other than D. Gagliardi and do not require D. Gagliardi's response. However, to the extent a response is required, D. Gagliardi denies the allegations in Paragraphs "47", "48", "50", "51", "52", "53", "55", and "56".

14. The allegations in Paragraph "57" state arguments and conclusions of law and relate to parties other than D. Gagliardi, and do not require D. Gagliardi's response. However, to the extent a response is required, D. Gagliardi denies the allegations in Paragraph "57" and refers all questions of law to the Court for determination.

15. To the extent that the allegations in Paragraph "58" purport to be based on documents, including those attached as exhibits to the SAC, those documents speak for themselves, and all characterizations thereof are denied. However, to the extent a response is required, D. Gagliardi admits, upon information and belief, that Gagliardi Insurance Services, Inc. published the quoted text on its website but denies the SAC's characterization thereof.

16. D. Gagliardi denies the allegations in Paragraphs "59" and "61" and refers all questions of law to the Court for determination.

17. The allegations in Paragraph "60" relate to parties other than D. Gagliardi, and do not require D. Gagliardi's response. However, to the extent a response is required, D. Gagliardi denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "60".

18. To the extent that the allegations in Paragraph "62" purport to be based on documents, including those attached as exhibits to the SAC, those documents speak for themselves, and all characterizations thereof are denied. However, to the extent a response is required, D. Gagliardi denies the allegations in Paragraph "62" except admits, upon information and belief, that Gagliardi Insurance Services, Inc. produced certain certificates of insurance and coverage summaries, and refers all questions of law to the Court for determination.

19. D. Gagliardi denies the allegations in Paragraphs "63", "64", "65", "66", "67", "68", and "69" and refers all questions of law to the Court for determination.

20. To the extent that the allegations in Paragraphs "70" and "71" purport to be based on documents, including those attached as exhibits to the SAC, those documents speak for themselves, and all characterizations thereof are denied. However, to the extent a response is required, D. Gagliardi admits, upon information and belief, that Gagliardi Insurance Services, Inc. notified stakeholders of a lawsuit commenced by issuing carriers, but denies the SAC's characterization of the correspondence.

21. D. Gagliardi denies the allegations contained within Paragraph "72" upon information and belief.

22. D. Gagliardi denies the allegations contained within Paragraph "73" and refers all questions of law to the Court for determination.

23. To the extent that the allegations in Paragraph "74" purport to be based on documents, including those attached as exhibits to the SAC, those documents speak for themselves, and all characterizations thereof are denied. However, to the extent a response is required, D. Gagliardi denies the allegations in Paragraph "74" and refers all questions of law to the Court for determination.

24. The allegations in Paragraph "75" states arguments and conclusions of law and relate to allegations concerning other parties, and do not require D. Gagliardi's response. However, to the extent a response is required, D. Gagliardi denies the allegations in Paragraph "75" and refers all questions of law to the Court for determination.

25.     The allegations in Paragraphs "76" and "77" relate to parties other than D. Gagliardi, and D. Gagliardi is not required to respond. However, to the extent a response is required, D. Gagliardi denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "76" and "77".

26.     To the extent that the allegations in Paragraph "78" purport to be based on documents, including those attached as exhibits to the SAC, those documents speak for themselves, and all characterizations thereof are denied. D. Gagliardi denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph "78" and refers all questions of law to the Court for determination.

27.     The allegations in Paragraphs "79", "80", and "81" state arguments and conclusions of law to which no response is required. However, to the extent a response is required, D. Gagliardi denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "79", "80", and "81" and refers all questions of law to the Court for determination.

## CLASS ACTION ALLEGATIONS

28.     The allegations in Paragraphs "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", and "93" state arguments and conclusions of law to which no response is required. However, to the extent a response is required, D. Gagliardi denies the allegations in Paragraphs "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", and "93" and refers all questions of law to the Court for determination.

## FIRST CLAIM FOR RELIEF

**Racketeer Influenced and Corrupt Organizations Act pursuant to 18 U.S.C. § 1961**

*et seq.*

29.     As to the re-allegations contained within Paragraph "94" of the SAC, D. Gagliardi incorporates his responses to Paragraphs "1" through "93" as if fully restated herein.

30.     D. Gagliardi denies the allegations in Paragraphs "95", "96", "97", "98", "99", "100", "101", "102", "103", and "104" and refers all questions of law to the Court for determination.

31. D. Gagliardi denies the allegations in paragraph "105".

## SECOND CLAIM FOR RELIEF

### Conversion

32. As to the re-allegations contained within Paragraph "106" of the SAC, D. Gagliardi incorporates his responses to Paragraphs "1" through "105" as if fully restated herein.

33. D. Gagliardi denies the allegations in Paragraphs "107" and "111" and refers all questions of law to the Court for determination.

34. D. Gagliardi denies the allegations in Paragraphs "108", "109", and "110".

## THIRD CLAIM FOR RELIEF

### Unjust Enrichment

35. As to the re-allegations contained within Paragraph "112" of the SAC, D. Gagliardi incorporates his responses to Paragraphs "1" through "111" as if fully restated herein.

36. D. Gagliardi denies the allegations in Paragraphs "113", "114", "115", "116", "117", and "118" and refers all questions of law to the Court for determination.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*

37. As to the re-allegations contained within Paragraph "119" of the SAC, D. Gagliardi incorporates his responses to Paragraphs "1" through "118" as if fully restated herein.

38. D. Gagliardi denies the allegations in Paragraph "120", "121", "122", and "123" and refers all questions of law to the Court for determination.

39. D. Gagliardi denies the allegations in Paragraphs "124".

## FIFTH CLAIM FOR RELIEF

### Negligence

40. As to the re-allegations contained within Paragraph "125" of the SAC, D. Gagliardi incorporates his responses to Paragraphs "1" through "124" as if fully restated herein.

41. D. Gagliardi denies the allegations in Paragraphs "126", "127", "128", and "129" and refers all questions of law to the Court for determination.

42. D. Gagliardi denies the allegations in Paragraphs "130", "131", and "132".

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. Each and every cause of action in the SAC fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. The SAC and each cause of action asserted therein are barred by the doctrine of laches because Plaintiff, upon information and belief, unreasonably delayed before pursuing its purported rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages, if any (all of which are expressly denied).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. Plaintiff lacks standing to seek the relief demanded because Plaintiff has not suffered a cognizable injury from the conduct alleged in the SAC.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred against D. Gagliardi because the harm suffered, if any (which is expressly denied), was caused by other persons for whose acts or omissions D. Gagliardi is not liable.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are not ripe for adjudication.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49. If Plaintiff sustained any damages (which is expressly denied), all or part of the damages alleged in the SAC were caused by the acts and/or omissions of other persons or entities, including Plaintiff, for whose conduct D. Gagliardi is not legally responsible. Consequently, the alleged damages, if any (all of which are expressly denied), are not recoverable from D. Gagliardi or otherwise must be apportioned or reduced to the extent such damages were caused by others for whom D. Gagliardi is not liable.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

50. There is no ascertainable class and, consequently, the putative class may not be certified.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51. The putative class may not be certified because the class is not so numerous that joinder of all members would be impracticable.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52. The putative class may not be certified because the common issues of law and fact do not predominate over the individual issues.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

53. The putative class may not be certified because there is no well-defined community of interest in or commonality between the questions of law and fact.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

54. The putative class may not be certified because Plaintiff's claims are not typical of those claims of other members of the asserted putative class.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

55. The putative class may not be certified because class action is not superior to other methods of adjudication.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

56. The putative class may not be certified because neither Plaintiff nor its counsel is able to fairly and adequately protect the interests of all members of the putative class.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

57. The amount in controversy is less than the jurisdictional minimum per 28 U.S. Code §§ 1332(a),1332(d).

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

58. The claims are barred by the alleged statutes of limitations.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff has failed to name an indispensable party to the action.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

60. D. Gagliardi has not directed, engaged, actively participated in any unlawful, unfair, or fraudulent business act.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

61. D. Gagliardi did not act in the manner alleged but if he did, his acts and/or omissions were solely in his capacity as an agent of Gagliardi Insurance Services, Inc. and did not, in SAC or in intent, advance his own personal interests.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

62. D. Gagliardi did not act in the manner alleged but if he did, he lacked the requisite *mens rea* required of the predicate acts alleged in the SAC's First Claim for Relief.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

63. The SAC's First Claim for Relief must fail because there is and was no unlawful enterprise.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

64. The SAC's First Claim for Relief must fail because there was no pattern of racketeering as the alleged predicate act(s) (which did not occur, but if they did occur) were discrete, isolated, and unrelated; have ceased and cannot occur in the future; and did not extend over a substantial period of time.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

65. To the extent D. Gagliardi is found to have committed an act which caused the alleged damage (which is expressly denied), D. Gagliardi's acts were too far removed from the alleged damage to constitute the proximate cause of the alleged damage, and other parties' acts, which intervened between and superseded the alleged acts and/or omissions of D. Gagliardi and the alleged damages, severed the chain of causality between any acts committed by D. Gagliardi and the alleged damages.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

66. The Court should abstain from exercising jurisdiction over this matter pending resolution of concurrent litigation which concerns matters integral to resolution of the SAC.

**RESERVATION OF ADDITIONAL DEFENSES**

67.  D. Gagliardi acknowledges that he does not have sufficient knowledge or information from which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available. He therefore reserves the right to assert any additional affirmative defenses if discovery or investigation indicate they would be appropriate.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant DOMINIC CYRIL GAGLIARDI prays as follows:

A.  That Plaintiff takes nothing from this lawsuit;

B.  For reasonable attorney's fees to the extent permissible under applicable law;

C.  For costs of suit incurred herein; and

D.  For such other relief as this Court deems just and proper.

Date: November 9, 2021                STRUCTURE LAW GROUP, LLP


By:   /s/ Ryan M. Penhallegon
      Ryan M. Penhallegon, Esq.
      Cody A. Brittain, Esq.
      Attorneys for Defendant
      DOMINIC CYRIL GAGLIARDI