Ian R. Feldman (State Bar No. 200308)
ifeldman@clausen.com
Tami Kay Lee (State Bar No. 224092)
tlee@clausen.com
CLAUSEN MILLER P.C.
27285 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Telephone (949) 260-3100 | Facsimile (949) 260-3190

Attorneys for Defendants THE AMBASSADOR
GROUP LLC and BRANDON M. WHITE

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DEL OBISPO YOUTH BASEBALL, INC. d/b/a DANA POINT YOUTH BASEBALL,<br><br>Plaintiffs,<br><br>vs.<br><br>THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS, et al.<br><br>Defendants. | Case No. 8:21-cv-00199-JVS-DFM<br><br>**DEFENDANTS THE AMBASSADOR GROUP LLC AND BRANDON M. WHITE'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR PLAINTIFF'S MOTION TO EXTEND DEADLINE TO FILE CLASS CERTIFICATION MOTION [DKT 78]**<br><br>*[Declaration of Ian R. Feldman Filed Concurrently Herewith]*<br><br>Complaint Filed: January 28, 2021<br>Trial:             December 22, 2022 |

Plaintiff DEL OBISPO YOUTH BASEBALL, INC. d/b/a DANA POINT YOUTH BASEBALL's ("Plaintiff") *Ex Parte* Application [Dkt 78] should be denied. It is well-established that *ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have, and should not be used as a way to "cut in line" ahead of those litigants awaiting determination of their properly noticed and timely filed motions.

1

To justify ex parte relief, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. <u>Mission Power Engineering v. Continental Casualty Co.</u>, 883 F.Supp. 488 (C.D. Cal 1995). Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. <u>Id.</u>

> It is the creation of the crisis – the necessity for bypassing regular motion procedures – that requires explanation. For example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period… *Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have….

<u>Id.</u> at 493 (citations omitted).

Here, Plaintiff has failed to demonstrate any irreparable harm or exigent circumstances that warrant the Court to grant the instant application. Plaintiff filed its case over one year ago. According to Plaintiff's counsel, it has "attempted to obtain documentation from the bankruptcy trustee [in connection with Gagliardi Insurance Services]; however, as noted to you previously, the trustee informed Plaintiff that he was not in possession of any relevant documentation." (Feldman Declaration, Ex. "A"). On top of that, Plaintiff already conducted discovery on Mr. Dominic Gagliardi, a former principal of Gagliardi Insurance Services, who has indicated that he is not in possession of any records in November 2021. (Feldman Declaration, Ex. "B"). To make matters worse, there is no explanation whatsoever as to why Plaintiff waited until

February 2022 to serve Marco Gagliardi, "the Chief Executive Officer at the heart of this litigation" with a Complaint, over a year after Plaintiff served Dominic, who verified in discovery responses that he did not have any records five months ago. Nor is there any explanation as to why Marco Gagliardi was not served with a subpoena for records or deposition as a non-party witness in the year since the Complaint was filed, even assuming he is in the possession of such critical information as Plaintiff suggests. Nor does Plaintiff's application set forth a sufficient basis as to what specific discovery its attorney believes is available from Marco Gagliardi other than boilerplate references that he has relevant information to class size and damages. Plaintiff's attempt to put forth Marco Gagliardi as the reason it somehow cannot file a motion for class certification by April 29th after more than nearly 1½ years of litigation is to deflect from its own failure to diligently obtain discovery. Simply put, any prejudice that Plaintiff purports will occur if the *ex parte* is not granted is of its own making.

Finally, Plaintiff's proposed extension date is unworkable and would result in unnecessary and unjustified prejudice to the Defendants. Plaintiff proposed filing date is so close in time to the trial date and the discovery cut-off making it nearly impossible to conduct any necessary discovery even if a class is ultimately certified.

Accordingly, Plaintiff's *Ex Parte* Application for Order Shortening Time for Plaintiff's Motion to Extend Deadline to File Class Certification Motion [Dkt 78] should be denied in its entirety.

DATED: April 7, 2022                               CLAUSEN MILLER P.C.


                                                   BY:/s/Ian R. Feldman
                                                         Ian R. Feldman
                                                         Tami K. Lee

                                                   Attorneys for Defendants
                                                   THE AMBASSADOR GROUP LLC and
                                                   BRANDON M. WHITE

8168187.1

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 17901 Von Karman Avenue, Suite 650, Irvine, California 92614.

On April 7, 2022, I served the document(s) described below on all interested parties, as follows:

> **DEFENDANTS THE AMBASSADOR GROUP LLC AND BRANDON M. WHITE'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR PLAINTIFF'S MOTION TO EXTEND DEADLINE TO FILE CLASS CERTIFICATION MOTION [DKT 78]**

> **DECLARATION OF IAN R. FELDMAN IN SUPPORT OF DEFENDANTS THE AMBASSADOR GROUP LLC AND BRANDON M. WHITE'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR PLAINTIFF'S MOTION TO EXTEND DEADLINE TO FILE CLASS CERTIFICATION MOTION [DKT 78]**

**[X] BY CM/ECF:** I caused such document(s) to be served electronically pursuant to the U.S. District Court's Electronic Case Filing Program to be delivered electronically to those parties who have registered to become an E-Filer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Certificate of Service was executed by me on April 7, 2022 in Mission Viejo, California.

*/s/Barbara M. Dorsey*
Barbara M. Dorsey

7170846.1