UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-199 JVS (DFMx) | Date | April 21, 2022 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC, et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Extend Deadline for Filing Class Certification Motion**

Plaintiff Del Obispo Youth Baseball, Inc. ("Plaintiff") filed a motion to extend the deadline to file a class certification motion. Mot., Dkt. 78-2. Plaintiff also filed an ex parte application to shorten the briefing schedule, Dkt. 78, which the Court granted. Dkt. 82. Defendants The Ambassador Group, LLC and Brandon M. White (collectively, "Ambassador") opposed the motion. Dkt. 85. Plaintiff responded. Dkt. 86.

For the following reasons, the Court **GRANTS** Plaintiff's motion to extend the deadline for filing a class certification motion. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

### I. Background

This case concerns an alleged scheme to sell counterfeit insurance policies to youth sports teams, leagues, and athletes around the United States. See Second Amended Complaint ("SAC"), Dkt. 62. On January 28, 2021, Plaintiff filed its initial complaint, which named four defendants, including The Ambassador Group, LLC and Brandon M. White. See Dkt. 1. On April 9, 2021, Plaintiff filed its First Amended Complaint ("FAC"), which added Dominic Cyril Gagliardi ("Dominic Gagliardi") as a defendant. See Dkt. 34. On April 29, 2021, the Court entered an order setting case management dates, which established a deadline of April 29, 2022 to file a motion for class certification. See Dkt. 44. On October 25, 2021, a joint stipulation was filed by Plaintiff, The Ambassador Group, LLC, Brandon M. White, and Dominic Gagliardi to allow Plaintiff to amend its complaint because "Plaintiff, through its investigation, recently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-199 JVS (DFMx)  Date  April 21, 2022

Title  Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC, et al.

discovered an individual, Mr. Marco Solomon Gagliardi, who Plaintiffs believe is partially or fully responsible for the harms suffered and damages alleged in the FAC." Dkt. 60 at 2. On October 26, 2021, the Court granted Plaintiff leave to file the SAC and add Marco Gagliardi as a defendant. See Dkt. 61. Plaintiff filed the SAC that same day. See Dkt. 62.

## II. Legal Standard

"A district court has wide latitude in controlling discovery." Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 16(b), a district court must issue a scheduling order that limits the time to, among other things, complete discovery. Fed. R. Civ. P. 16(b)(1), (3). A party seeking to modify a scheduling order must satisfy the "good cause" standard for modifying the scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). The good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The court may grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension." Id. While a court may consider prejudice to the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

## III. Discussion

Plaintiff now seeks to extend the deadline for filing a motion for class certification to September 1, 2022. Ambassador's primary objection is that Plaintiff was not diligent in seeking the extension. Opp'n at 2–4. The Court finds that Ambassador's arguments are not persuasive.

First, Ambassador appears to argue that Plaintiff was aware of Marco Gagliardi's role at Gagliardi Insurance, Inc. ("Gagliardi Insurance") and failed to diligently add him as a party or otherwise attempt to obtain evidence from him. Mot. at 3. But there is no evidence in the record that Plaintiff was aware of Marco Gagliardi's role in the alleged scheme until late 2021. The parties signed a joint stipulation in October 2021, stating in part that Plaintiff "recently discovered" Marco Gagliardi's role. See Dkt. 60 at 2. The responses to interrogatories stating that Marco Gagliardi was the Chief Executive Officer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 21-199 JVS (DFMx)                                Date    April 21, 2022

Title        Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC, et al.

("CEO") of Gagliardi Insurance were all signed in November 2021. See Dominic Gagliardi Response to Interrogatories, Dkt. 78-2, Ex. F. As there is no indication that Plaintiff was aware of Marco Gagliardi's alleged role at an earlier time, the Court does not believe that the delay in adding him as a defendant shows a lack of diligence.

Next, Ambassador contends that "Plaintiff's motion to extend could have been made as early as when it discovered in November 2021 that Dominic Gagliardi was not in possession of the class certification discovery and referred Plaintiff to the bankruptcy trustee." Opp'n at 2. However, the Court finds that Plaintiff has diligently attempted to obtain the information from Marco Gagliardi since adding him as a defendant on October 26, 2021. A summons was issued as to Marco Gagliardi on November 10, 2021. See Dkt. 66. Plaintiff made multiple unsuccessful efforts to serve Marco Gagliardi in November 2021. See Amen Decl., Dkt. 71-2, ¶¶ 2–6. Plaintiff ultimately successfully served him with the summons and complaint on February 3, 2022. See Dkt. 70. After Marco Gagliardi missed the February 24, 2022 deadline to file an answer, Plaintiff requested entry of default on March 31, 2022, see Dkt. 73, which was granted by the clerk on April 6, 2022. See Dkt. 80. While these efforts were ultimately unsuccessful due to Marco Gagliardi's failure to respond to the lawsuit, Plaintiff's choice to pursue this approach does not show a lack of diligence.

Finally, Ambassador appears to argue that Plaintiff lacks support for its belief that Marco Gagliardi will have the information it seeks and suggests that it has not exhausted other options. In addition to being in conflict with some of the other positions taken by Ambassador the Court finds these arguments unavailing. Plaintiff subpoeneaed the bankruptcy trustee for Gagliardi Insurance's bank account statements. Feldman Decl., Dkt. 85-1, ¶ 3, Ex. 1. Plaintiff's declaration explains that the limited scope of the subpoena was based on prior conversations with the bankruptcy trustee who informed Plaintiff that he only had asset related information and did not possess any information related to class certification. Amen Decl., Dkt. 78-1, ¶17. Plaintiff also served interrogatories and requests for documents on Ambassador and "at least seven other subpoenas to banks associated with Gagliardi Insurance Services, Inc." Amen Decl., Dkt. 78-1, ¶ 7.

It is true that Dominic Gagliardi suggested that the bankruptcy trustee might have information related to class certification and did not identify Marco Gagliardi as a possible source. Opp'n at 3–4. But given that the bankruptcy trustee avers that he does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-199 JVS (DFMx) | Date | April 21, 2022 |
| Title | Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC, et al. | | |

not have any relevant documents, it is a plausible inference that pursuing discovery from Marco Gagliardi could be fruitful given his role as CEO of Gagliardi Insurance. It appears that Plaintiff will be required to go forward with class certification without the necessary supporting evidence unless it is able to obtain from Marco Gagliardi. While that is still a possible outcome if Marco Gagliardi does not possess this evidence, the Court is not inclined to allow dilatory litigation tactics and the refusal to make an appearance in this case act as a way to defeat class certification.

Accordingly, the Court finds that Plaintiff has diligently prosecuted this action and shown good cause for modifying the case management schedule. The Court **GRANTS** Plaintiff's request to extend the deadline to file a motion for class certification to September 1, 2022.

Ambassador also claims that it will be prejudiced by this extension to the class certification deadline. Opp'n at 4–5. To remedy that issue, Ambassador seeks similar extensions to the trial date and the discovery deadlines to allow for damages discovery after a potential class is certified. Under the current case management schedule, Ambassador would be able to conduct additional discovery after the scope of the class is settled. However, if the class certification deadline were extended without adjusting other deadlines, it would lose that opportunity. Plaintiff suggests that it is willing to meet and confer to set new deadlines that accommodate Ambassador's concerns. This order extends the class certification deadline by approximately four months. The Court finds that it would be appropriate to extend the trial date, discovery deadline, and related case management deadlines by a similar amount of time. The Court **ORDERS** the parties to meet and confer within seven days of entry of this order and stipulate to new case management deadlines consistent with this order.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to extend the deadline for filing a motion for class certification to September 1, 2022. The Court **ORDERS** the parties, within seven days of entry of this order, to stipulate to the remainder of the case management dates consistent with this Order.

The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-199 JVS (DFMx)  Date  April 21, 2022

Title  Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC, et al.

**IT IS SO ORDERED.**

: 0

Initials of Preparer  lmb